Respondent disbarred.

MARY J. FRANK, Appellant, *v.* MARK K. FRANK, Respondent.
First Department, March 10, 1944.

*Harold H. Corbin* of counsel (*Edward J. Bennett* with him on the brief), for appellant.

*Thomas J. Todarelli* of counsel (*Sabbatino & Todarelli* with him on the brief; *Herbert M. Karp,* attorney), for respondent.

*Per Curiam.* Plaintiff's cause of action requires her to establish that an antenuptial agreement fixing her rights in the event of marital difficulties was procured by fraud and that the provisions made therein were inadequate considering the husband's means. As a part of the relief demanded she asked that this agreement be set aside.

While it is unusual to grant examinations before trial as to the husband's means in a separation action, this rule does not apply where it is necessary as here to show that a separation agreement has been procured by fraud and makes inadequate provision for the wife. As was said by Mr. Justice, now Presiding Justice, MARTIN, in *Rosenthal* v. *Rosenthal* (230 App. Div. 483, 485) : " It appears, therefore, that under a complaint in an action to set aside such an agreement, the plaintiff has a right, when the application is made in good faith, to examine the defendant, not only with reference to his financial condition during the year the agreement was made, but up to the time of trial, in order that she may ascertain that financial condition and obtain support in keeping therewith."

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Order denying plaintiff's motion to examine defendant before trial unanimously reversed, with twenty dollars costs and disbursements, and said motion granted. The date for the examination to proceed to be fixed in the order. Settle order on notice.