MABEL J. ANDREWS, Plaintiff, *v.* DANIEL ANDREWS, Defendant.

Supreme Court, Special Term, Monroe County, September 26, 1955.

*Pappalardo, Roth & Reina* for plaintiff.

*Nusbaum, Tarricone & Bilgore* for defendant.

HENRY, J. The plaintiff and defendant were divorced by decree entered October 3, 1946, which became final January 3, 1947. The divorce decree, among other things, ordered the defendant to pay to plaintiff for her support and maintenance the weekly sum of $25. The plaintiff has made a motion for an order directing the entry of judgment for unpaid alimony. The defendant has made a cross motion to modify the said divorce decree so as to annul the provisions for alimony upon the grounds that the plaintiff has remarried or is habitually living with another man and holding herself out as his wife. Both motions were referred to an Official Referee to hear and determine.

The defendant now seeks to examine the plaintiff before trial by taking her deposition for use upon the reference. The subjects for the examination are stated to be the marital status of the plaintiff since her divorce from the defendant, upon her alleged cohabitation with one Fred G. Cablitz, Sr., in Florida, upon the birth of a child to the plaintiff in Florida, for an account for moneys received from the defendant and from Fred G. Cablitz, Sr., and upon plaintiff's present financial condition.

The plaintiff opposes the motion and seeks to vacate the notice thereof on the grounds that it would violate her right against self incrimination, that it is against the policy of this court to grant examination before trial in matrimonial actions

and that as to moneys received from the defendant and Fred G. Cablitz, Sr., and as to plaintiff's financial condition, it is not material and necessary.

The argument that an examination before trial ought to be denied because it might violate the right against self incrimination is not new. It was presented to the court in *Heit & Weisenthal* v. *Licht* (218 App. Div. 753). The court there stated: "This court has consistently held that the claim that an examination before trial ought not to be had because it might result in compelling the witness to give evidence against himself, is not a proper ground for denying the examination. The right to refuse to incriminate oneself is a personal right and must be claimed at the time the questions are asked."

It is also argued that the examination here sought ought to be denied as a matter of public policy. A sharp distinction must be drawn among the cases. It is not the rule in this State that examinations before trial will never be permitted in matrimonial actions. In *Immerman* v. *Immerman* (230 App. Div. 458), cited by the plaintiff, the examination was sought on all the allegations of the complaint. The Appellate Division reversed the lower court and vacated the notice of examination, saying (p. 459), however: "It is undoubtedly true that, in some cases, a particular issue arises which justifies an examination of a party before trial upon that issue."

The rule appears to be that such examinations will be denied unless special circumstances are shown. (*Field* v. *Field,* 281 App. Div. 657; *Tausik* v. *Tausik,* 280 App. Div. 887.) Examinations have been allowed on the question of bona fide domicile in a foreign State. (*Brunel* v. *Brunel,* 64 N. Y. S. 2d, 295; *McKie* v. *McKie,* 72 N. Y. S. 2d, 798.) Examinations have also been permitted where there was no contest except the amount of alimony. (*Frank* v. *Frank,* 267 App. Div. 505; *Levi* v. *Levi,* 182 Misc. 445.)

In this case, the intimate and many times privileged relation between the parties was terminated by the final decree, and with the final decree, at least insofar as continued alimony is concerned, the possibility of abuse or oppression through the use of examinations before trial was also terminated. Once the issues of the divorce action have been decided, examination on the issue of the wife's right to continued alimony is no more against public policy than an examination on any commercial transaction.

That portion of paragraph one of the notice of examination which requires the plaintiff to account for all sums of money

that plaintiff has received from defendant as and for her support is neither material nor necessary, and should be stricken out. To the extent that the matters upon which the examination is sought in paragraphs four and five are material and necessary, they may be examined into under paragraphs one and two. Accordingly, these paragraphs likewise should be stricken. In all other respects, this motion to vacate is denied.

Submit order accordingly.