Harold R. Soden, J.
Defendant moves pursuant to CPLR 3212 for summary judgment dismissing the complaint, and it sets forth numerous grounds with supporting documentary evidence thereof in support of the requested relief.
The plaintiff’s complaint in the main action alleges two causes of action for recovery under a policy of insurance issued by the defendant to the plaintiff which policy provides for insurance coverage for losses sustained by fire and certain other hazards. The fire loss in question occurred on June 4, 1966 at premises apparently leased by the plaintiff and located in the County of Schenectady. As a result of the fire, plaintiff alleges substantial damages in the total amount of $65,000.
The policy in question is in the standard form required by section 168 of the New York State’s Insurance Law, and it contained, among other provisions, the following conditions: “ The insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by this Company, and subscribe the same * * *
“No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with
On July 7, 1966, the Grand Jury of the County of Schenec-. tady returned a three-count indictment charging the plaintiff herein with two counts of malicious injury to property and one count of arson in the second degree. The indictment clearly indicates that these charges arose from the fire loss of June 4, 1966 which loss constitutes the basis of plaintiff’s present civil action against this defendant.
On September 13, 1966, the defendant, through its attorneys, served a demand for an oral examination under oath of the *576 plaintiff by certified mail upon the plaintiff. On September 19, 1966, plaintiff’s attorney and the attorney for the defendant agreed to a seven-day extension of the date of the examination at the request of plaintiff’s attorney. On the adjourned examination date, the plaintiff’s attorney advised the defendants attorney that the plaintiff would not submit to defendant’s examination under oath at that time due to the then still outstanding criminal indictment.' On October 6, 1966, defendant’s attorneys specifically advised plaintiff and her attorney that as a result of her refusal to submit to the examination the defendant considered such act as a breach of the policy terms voiding the contract of insurance. On October 24, 1966, plaintiff’s attorney advised defendant’s attorney of his client’s position regarding the examination:
“ In response to your recent letter addressed to Mrs. Mary Bestina, relative to the above captioned loss, please be advised that as I have told you over the phone and I repeat, I cannot have Mrs. Bestina subject to an examination under oath at this time, since she is presently under indictment.
“ As soon as this matter is disposed of, I will be glad to have Mrs. Bestina submit to such examination. ”
Defendant’s attorney’s reply to plaintiff’s attorney’s letter, cited above, was to reiterate the defendant’s position rejecting any claims of the plaintiff under the contract as a result of plaintiff’s refusal to submit to the requested examination.
It then appears that the plaintiff was ultimately acquitted of all of the charges set forth in the indictment and, on March 9, 1967, her attorney advised defendant’s attorney that the plaintiff was now available for the examination demanded by defendant on September 13, 1966. No examination was requested by defendant pursuant to this offer and, in June of 1967, this action against the defendant on the contract of insurance was commenced.
The above-cited facts set forth all of the necessary facts this court deems significant in order to determine the present motion.. While defendant raises other independent matters in support of its motion for dismissal of the complaint, such matters need not be considered at this time in order for this court to determine the present controversy.
There is no question that the contract provisions applicable here must be construed liberally in favor of the insured (McNally v. Phoenix Ins. Co., 137 N. Y. 389). To grant the drastic relief sought by the defendant’s present motion would not be justifiable for mere technical or unimportant omissions *577 in the performance of the terms of the insurance contract (Porter v. Traders’ Ins. Co., 164 N. Y. 504). To determine the present motion, the court is also required to determine that, based upon all of the papers submitted, there are no issues of fact surrounding the plaintiff’s alleged breach of the contract terms as alleged by the defendant (CPLR 3212, subd. [b]; Sebring v. Fidelity-Phenix Fire Ins. Co., 255 N. Y. 382; Beckley v. Otsego County Fire Ins. Co., 3 A D 2d 190).
The papers submitted on the present motion clearly indicate beyond question that the plaintiff, upon the advice of her attorney, unequivocably and knowingly refused to submit to defendant’s demand for an oral examination under oath when the defendant, through its attorneys, demanded such in September of 1966. The sole reason for such refusal raised at that crucial time was that the plaintiff would not subject herself “to an examination under oath at this time, since she is presently under indictment.” The plaintiff’s willingness to submit to such examination at a later time does not change the indisputable fact that plaintiff refused to submit to such examination at the time the defendant demanded it. The plaintiff’s refusal clearly breached one of the key provisions of the insurance contract which provided that “ the insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by this company, and subscribe the same
The plaintiff, in opposition to the present motion, raises two issues surrounding the legality of the notice of examination itself:
(1) That the notice itself fails to designate the name of the officer before whom such examination was to be held rendering the notice defective, and,
(2) That the demand for the examination was improper in that it was not made within a reasonable time after the loss occurred.
It is first noted that these contentions are raised only in plaintiff’s attorney’s memorandum of law submitted in opposition to the present motion and as such are not properly before this court. Additionally, both of these contentions are raised for the first time upon this motion. The sufficiency and the timeliness of the notice for oral examination were never previously raised by plaintiff or her attorney as a reason for plaintiff’s refusal to submit to the examination. Plaintiff’s affidavit, at paragraph 2, clearly states that her only reason for refusing to submit to the examination was that she was “ under indict *578 ment for arson arising out of the fire stated in my complaint in this action.” To accept either of these contentions as bona fide issues of fact would be to honor mere words over clear undisputed facts. As a result of the above, this court finds that in the present case the notice of examination served by the defendant’s attorneys was not defective and that it was requested timely.
This court having determined, based upon the papers submitted on the present motion, that the plaintiff clearly, unequivocably and knowingly breached a significant condition of the insurance contract, which condition was properly and timely invoked by the defendant, the remaining question is whether plaintiff’s reason for refusing to submit to the oral examination excuses and absolves her from the effect of such breach.
While the reason for the plaintiff’s refusal to submit to the examination is clearly stated to be that she was then under indictment for the alleged crime of arson and willful destruction of property arising out- of the elaim now at issue, the basis for the stated reason is not as clearly identifiable. It would appear, however, that the only possible basis for plaintiff’s refusal to submit to the examination was her fear of testifying under oath when .such testimony could possibly be used against her in the prosecution of the criminal charges then pending. - In effect, the plaintiff is attempting to apply her constitutional right against self incrimination as sufficient justification excusing her breach of the terms of the insurance contract.
There does not appear to be any New York State case law authority on this particular issue. However, in Hickman v. London Assur. Corp. (184 Cal. 524) the Supreme Court of California sitting en banc faced an identical .situation as presented here, and it held that the constitutional immunity from self incrimination did not absolve an insured from complying with the provisions of the insurance contract requiring the insured to submit to an examination under oath, even though the insured is at that time under indictment for arson for the burning of the property in question. The court further held that an insured’s refusal to submit to such examination .on those particular grounds constituted a breach .of the contract and deprives the insured of any claim or cause of action against the insurer on the insurance contract.
This court agrees with and adopts as its own the sound legal reasoning set- forth in the Hickman case to the present case on this issue.
For the reasons stated above, the defendant’s third affirmative defense as set forth in its. answer to the plaintiff’s com *579 plaint has been established sufficiently as a matter of law, and the defendant’s motion for summary judgment dismissing both causes of action in the complaint is granted with costs to defendant.