**SUPERMARKET FILMS, INC.,**
**Plaintiff,**

v.

**SYLVANIA ELECTRIC PRODUCTS, INC., a corporation, and Edward Kramer, an individual, Defendants.**

**Civ. A. No. 70–1385.**

United States District Court,
W. D. Pennsylvania.

Jan. 27, 1971.

Samuel J. Reich, of Cooper, Schwartz, Diamond & Reich, Pittsburgh, Pa., for plaintiff.

James L. Weisman, of Avins & Weisman, Pittsburgh, Pa., for defendants.

MEMORANDUM AND ORDER

MARSH, Chief Judge.

Supermarket Films, Inc., plaintiff, has filed a complaint alleging that Edward Kramer, while acting in collusion with Sylvania Electric Products, Inc., "illegally and improperly" purchased certain of plaintiff's property at a sale conducted by a United States Marshal.

This action is currently before the court on plaintiff's application for a preliminary injunction, which further al-

leges that plaintiff will suffer "irreparable harm" unless the defendants are enjoined from selling or otherwise disposing of the aforementioned property.

A hearing has been held on plaintiff's application and both sides have been given an opportunity to present evidence. Based on this hearing the court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

A judgment was entered by this District Court (Willson, Judge) in favor of Sylvania Electric Products, Inc. and against the present plaintiff in the amount of $33,002.47 with interest from May 31, 1968 (Civil Action No. 69–1091). A writ of execution was issued, and on October 27, 1970, a United States Marshal levied upon plaintiff's inventory and office equipment. On November 5, 1970, the levied property was posted with notices showing that a Marshal's sale would be held on November 12, 1970, at 11:00 A.M.; one of the terms of the sale was "cash".

On November 12, 1970, a United States Marshal conducted the sale, and the levied property was sold to Edward Kramer for $100.00. Mr. Kramer had been informed of the Marshal's sale by Ronald Relosky, a sales representative for Sylvania Electric Products, Inc. Mr. Relosky accompanied Mr. Kramer to the sale, supplied $5,000 cash for bidding purposes, arranged for a truck to remove the property from the site of the sale, and took control of the purchased property after the sale.

Within a day or two after the Marshal's sale, Mr. Relosky had resold the majority of the property to numerous pre-arranged purchasers in the states of Ohio, New York and Pennsylvania. The proceeds from these various sales amounted to $4,500. Mr. Relosky gave approximately $3,800 of the proceeds to Sylvania Electric Products, Inc., a small amount of money was used to defray expenses, and $700 was given to Mr. Kramer. The only property that Mr. Kramer or Mr. Relosky still retain consists of three or four master cases of flashcubes, some used filing cabinets, a used adding machine, and a small quantity of outdated film.

On November 25, 1970, plaintiff filed a petition alleging substantially the same facts as are set forth in the present complaint and requesting that the Marshal's sale be set aside. This petition was denied by Judge Dumbauld.[1] (See Miscellaneous No. 5059.)

## CONCLUSIONS OF LAW

■ Before a preliminary injunction is justified, there must be a showing of irreparable harm and a finding of fact to that effect. Sims v. Greene, 161 F.2d 87 (3d Cir. 1947).

■ In the present case, substantially all the property Edward Kramer purchased at the Marshal's sale on November 12, 1970, was resold to numerous purchasers in three states before the present action was commenced. In addition, plaintiff has failed to show that the few items still in the hands of Mr. Kramer and Mr. Relosky are of such a "unique" nature that they cannot be compensated for by a monetary award. To the contrary, these items appear to be readily available on the open market. See: Charles Simkin & Sons, Inc. v. Massiah, 289 F.2d 26, 28–29 (3d Cir. 1961).

■ When a threatened injury can be adequately compensated by a monetary award, and no irreparable harm is shown, injunctive relief will be denied. Thompson v. New York Central Railroad Company, 361 F.2d 137, 145–146 (2d Cir. 1966); Henis v. Compania Agricola De Guatemala, 116 F.Supp. 223, 225 (D. Del. 1953), aff'd per curiam on other grounds, 210 F.2d 950 (3d Cir. 1954); Luckenbach S. S. Co. v. Norton,

---

1. Defendants have filed a motion to dismiss plaintiff's complaint alleging that the matters presently complained of have been adjudicated by Judge Dumbauld's Order. This motion is scheduled for argument.

21 F.Supp. 707 (E.D. Pa. 1937). Accordingly, plaintiff's application for preliminary injunction will be denied.

An appropriate order will be entered.