Arthur S. Hirsch, J.
Plaintiff is suing on an insurance policy issued by the defendant to recover damages resulting from a fire which occurred on July 9, 1971. The action was instituted on June 20, 1972.
The insurance policy, in accordance with the requirements of section 168 of the Insurance Law, contains the following *816 provisions: ‘ The insured, as often as may he reasonably required, shall * * * submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place * and shall permit extracts and copies thereof to be made. [Second Page of Standard Fire Policy, lines 113-122.] No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.” (Second Page of Standard Fire Policy, lines 157-161.)
In its answer the defendant, in addition to denials and four affirmative defenses, pleads as an additional affirmative defense failure to comply with the foregoing provisions of the insurance policy by reason of plaintiff’s failure and refusal to submit to an examination under oath, which is a condition precedent to the institution of an action on the policy and demands dismissal of the complaint.
It appears that on March 2, 1972 a written notice was served on plaintiff and on his public adjuster to submit to an examination pursuant to the provisions of the policy. The notice addressed to the plaintiff was returned by the post office with a notation ‘ ‘ unclaimed. ’ ’ However, the notice mailed to the adjuster was not returned. The examination pursuant to this notice was scheduled to be held on April 17,1972, but plaintiff or his representative failed to appear and submit to the examination. Thereafter, a second notice was served on the plaintiff at his residence scheduling the examination for May 18, 1972. On that day the defendant’s attorney telephoned the plaintiff and inquired whether he would appear for the examination and he indicated that he would not appear that afternoon, and accordingly, on consent of both parties, the examination was adjourned to May 23, 1972, plaintiff having expressed a desire to confer with his attorney before submitting to the examination.
On May 23,1972 plaintiff’s attorney telephoned the defendant requesting another adjournment to June 12, 1972, which was consented to. On June 12, 1972 neither the plaintiff nor his attorney appeared at the place where and at the time when the examination was scheduled to be held. No further communications were received from plaintiff or his attorney and plaintiff has to date failed and refused to submit to the examination pursuant to the terms of the policy.
*817 The defendant now moves for summary judgment dismissing the complaint on the ground that plaintiff has failed to submit to an examination pursuant to the terms of the policy. In opposition to the motion the plaintiff alleges that since he stands accused of the crimes of arson, forgery and other crimes in connection with the claim, which is the subject matter of this action, he could not very well submit to an examination under oath by the attorneys for, the defendant who are my accusers under circumstances tantamount to a Star Chamber inquisition without any safeguards with respect to my constitutional rights.” He also states that he is now willing to submit to an examination under the supervision of the court.
The courts of this State and of other jurisdictions have frequently held that refusal to submit to an examination or refusal to answer pertinent questions in the course of an examination pursuant to the terms of an insurance policy constitute a breach thereof and a bar to recovery thereon.
In Mortgage Affiliates v. Commercial Union Ins. Co. of New York (27 A D 2d 119, 121) the court stated: “ Plaintiff has risked dismissal of its complaint by refusing to comply with the standard policy provision requiring disclosure (see Happy Hank Auction Co. v. American Eagle Fire Ins. Co., 286 App. Div. 505, mod. 1 N Y 2d 534). Our holding is that plaintiff is contractually bound by the disclosure provision in the policies and no suit or action is ‘ sustainable ’ unless there be compliance therewith.”
Plaintiff’s contention to the effect that he was justified in failing to submit to the examination because to do so would jeopardize his constitutional rights is without merit. During the examination of the plaintiff he would be entitled to have counsel present and to object to any questions put to him on any legal grounds available to him. The court agrees with the determination under similar circumstances made in Restina v. Aetna Cas. & Sur. Co. (61 Misc 2d 574, 578) wherein the court •held: “ This court having determined, based upon the papers submitted on the present motion, that the plaintiff clearly, unequivocably and knowingly breached a significant condition of the insurance contract, which condition was properly and timely invoked by the defendant, the remaining question is whether plaintiff’s reason for .refusing to submit to the eral examination excuses and absolves her from the effect of such breach.
“While the reason for the plaintiff’s refusal to submit to the examination is clearly stated to be that she was then under *818 indictment for the alleged crime of arson and willful destruction of property arising out of the claim now at issue, the basis for the stated reason is not as clearly identifiable. It would appear, however, that the only possible basis for plaintiff’s refusal to submit to the examination was her fear of testifying under oath when such testimony could possibly be used against her in the prosecution of the criminal charges' then pending. In effect, the plaintiff is attempting to apply her constitutional right against self incrimination as sufficient justification excusing her breach of the terms of the insurance contract.
“ There does not appear to be any New York State case law authority on this particular issue. However, in Hickman v. London Assur. Corp. (184 Cal. 524) the Supreme Court of California sitting en banc faced an identical situation as presented here, and it held that the constitutional immunity from self incrimination did not absolve an insured from complying with the provisions of the insurance contract requiring the insured to submit to an examination under oath, even though the insured is at that time under indictment for arson for the burning of the property in question. The court further held that an insured’s refusal to submit to such examination on those particular grounds constituted a breach of the contract and deprives the insured of any claim or cause of action against the insurer on the insurance contract.”
The motion is granted and the complaint is dismissed.