**HUDSON TIRE MART, INC.,**
Plaintiff-Appellant,

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.**

No. 749, Docket 75–7067.

United States Court of Appeals,
Second Circuit.

Argued March 4, 1975.

Decided June 27, 1975.

**672**

Jerome D. Brownstein, Troy, N. Y., for plaintiff-appellant.

Stephen M. Kiernan, Albany, N. Y. (Bouck, Holloway & Kiernan, Albany, N. Y., on the brief), for defendant-appellee.

Before FRIENDLY and GURFEIN, Circuit Judges, and BARTELS, District Judge.*

BARTELS, District Judge:

Appellant, a New York corporation, instituted this action seeking declaratory and injunctive relief against the Aetna Casualty and Surety Company ("Aetna") to restrain Aetna from examining appellant and conducting other discovery proceedings under the provisions of the "Cooperation Clause" of its standard form of fire insurance policy mandated by Section 168(6) of the Insurance Law of the State of New York, McKinney's Consol. Laws, c. 28, on the ground that such an examination would deprive the appellant of due process under the Fourteenth Amendment. Jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331, 1343(3), 2201, and 2202, and 42 U.S.C. § 1983.

On November 1, 1973, Aetna issued a one-year fire insurance policy insuring appellant's premises and inventory located in Columbia County, New York. On May 29, 1974, a fire damaged said premises and inventory. Accordingly, the appellant made a claim to Aetna for $100,-000, listing various tires, supplies, parts and equipment of the value of $107,-409.85, allegedly destroyed by the fire. In September, 1974, the grand jury of Columbia County indicted Paul DiStefano, the owner of 49% of appellant's common stock and a director and manager of the appellant-corporation, for arson arising from the fire. In response to the claim, Aetna on October 11, 1974, served upon the appellant a notice of examination under oath, specifically requiring the appearance of DiStefano, and also requiring the production of documents, which notice was issued pursuant to the so-called Cooperation Clause in the insurance policy, providing that:

"The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made."

The above provision was mandated by Section 168(6) of the Insurance Law of the State of New York to be incorporated in the so-called "Standard Fire Insurance Policy of the State of New York," issued by Aetna.

Prior to the institution of the present suit, two attempts were made in the state courts to prevent the scheduled examination under oath. The first attempt was a suit instituted by Paul DiStefano by an order to show cause dated October 21, 1974, in the Columbia County Su-

---

* Of the Eastern District of New York, sitting by designation.

preme Court, in which a temporary restraining order was issued preventing the examination. This order was subsequently vacated on November 1, 1974, and the action by DiStefano, which sought declaratory relief, was dismissed. The second attempt was made by appellant-corporation in the Columbia County Supreme Court for a declaratory judgment seeking a vacatur of the notice of examination under oath, resulting in a preliminary restraining order issued on November 13, 1974. Thereafter the parties stipulated to the withdrawal of the notice of examination and to the dismissal of the pending state action, reserving to each other the issue as to whether Aetna may specify, in a future notice, the individual to be examined. Later both agreed that the appellant would appear for examination by an unspecified agent on December 2, 1974. On November 25, 1974, appellant instituted the present action seeking declaratory and injunctive relief against the enforcement of the Cooperation Clause, on the ground that the same was unconstitutional as violative of appellant's due process rights under the Fourteenth Amendment. In his decision below Judge Foley indicated that the presence of state action, which is so necessary to the maintenance of the suit, was "very doubtful" but that in any event there was no violation of plaintiff's due process rights. For the purpose of this appeal we assume that there is "state action" and accordingly we find it necessary to consider only the question of whether Judge Foley abused his discretion in denying the preliminary injunctive relief upon due process grounds.

■ An application for preliminary injunctive relief is addressed to the discretion of the Court and its denial may be reversed only if found to be a clear abuse of that discretion. The criteria for such relief have many times been enunciated and include the probability of success on the merits and irreparable harm if the relief is not granted and further, upon a balance of interests, whether the hardships to the party seeking relief far outweigh the harm to the opposing party. 414 Theater Corp. v. Murphy, 499 F.2d 1155 (2d Cir. 1974); Sonesta International Hotels Corp. v. Wellington Associates, 483 F.2d 247 (2d Cir. 1973); Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co., Inc., 476 F.2d 687 (2d Cir. 1973); Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319 (2d Cir.), *cert. denied,* 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969); Dino DeLaurentiis Cinematografica S.p.A. v. D-150, Inc., 366 F.2d 373 (2d Cir. 1966). In seeking this extraordinary relief, plaintiff has failed to show that at the trial it would probably be successful on the merits and that without injunctive relief it would suffer irreparable harm.

The gravamen of the appellant's complaint is that it is required to respond to a demand by the insurance company for an examination under the Cooperation Clause without first having an opportunity for a hearing in order to object to appearing on Fifth Amendment grounds. It alleges that its failure to so appear without the protection of a court order would result in a breach of the insurance contract and consequently bar its right to recovery. It points out that upon the examination required by the policy, it would be denied a protective order such as provided in Rule 26(c) of the Federal Rules of Civil Procedure, New York CPLR § 3103, Rule 37(b) of the Federal Rules of Civil Procedure, and New York CPLR § 3124, that it would be required to disclose information protected by its Fifth Amendment right and that upon its refusal to appear for such an examination appellant would be barred from recovery under the policy because of a material breach of the insurance contract.

■ Due process is not a rigid and inflexible formula but is an elusive concept which varies according to the factual context. Hannah v. Larche, 363 U.S. 420, 441, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Hagopian v. Knowlton, 470 F.2d 201, 207 (2d Cir. 1972). Here the factual context does not indicate any absence of due process. In reply to appellant's

claim, two answers immediately emerge: (1) the right against self-incrimination is personal only to natural individuals and appellant as a corporation cannot claim it, United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911), and (2) a refusal to appear for an examination whether pursuant to a contract or court order, is in a different category than a refusal to answer questions protected by the Fifth Amendment. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); United States v. Harmon, 339 F.2d 354 (6th Cir. 1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963 (1965), reh. denied, 380 U.S. 989, 85 S.Ct. 1330, 14 L.Ed.2d 282 (1965); In re Turner, 309 F.2d 69 (2d Cir. 1962); Steinbrecher v. Wapnick, 24 N.Y.2d 354, 300 N.Y.S.2d 555, 248 N.E.2d 419 (1969); Siegel v. Crawford, 292 N.Y. 651, 55 N.E.2d 516 (1944); Gross v. United States Fire Ins. Co., 71 Misc.2d 815, 337 N.Y.S.2d 221 (Sup.Ct., Kings Co., 1972). Appellant's argument that it would be protected in an analogous court proceeding by the application of the Federal Rules of Civil Procedure or the New York CPLR is simply unfounded. See, e. g., In re Penn Central Securities Litigation, 347 F.Supp. 1347 (E.D.Pa.1972); Heit & Weisenthal, Inc. v. Licht, 218 App.Div. 753, 218 N.Y.S. 102 (1st Dept. 1926); Andrews v. Andrews, 208 Misc. 510, 144 N.Y.S.2d 225 (Sup.Ct., Monroe County, 1955).

▮▮▮ The purpose of the Cooperation Clause is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims. Claflin v. Commonwealth Insurance Company, 110 U.S. 81, 3 S.Ct. 507, 28 L.Ed. 76 (1884); Mortgagee Affiliates Corp. v. Commercial Union Insurance Co., 27 App.Div.2d 119, 276 N.Y.S.2d 404 (2d Dept. 1967). It is true that New York courts have held that failure of the insured to appear for examination does constitute a material breach of the contract, Hallas v. North River Insurance Co. of New York, 279 App.Div. 15, 107 N.Y.S.2d 359 (1st Dept. 1951), aff'd, 304 N.Y. 671, 107 N.E.2d 592 (1952); see also Mortgagee Affiliates Corp. v. Commercial Union Insurance Co., supra; Beckley v. Otsego County Farmers Coop. Fire Insurance Co., 3 App.Div.2d 190, 159 N.Y.S.2d 270 (3d Dept. 1957); Gross v. United States Fire Ins. Co., supra; Restina v. Aetna Casualty & Surety Co., 61 Misc.2d 574, 306 N.Y.S.2d 219 (Sup.Ct., Schenectady Co., 1969); but since there are numerous relevant matters with respect to which an insured may be examined without necessarily incriminating himself, the requirement of his appearance alone in no way violates his due process rights. Only after the incriminating question is asked, is he in a position to assert his immunity and seek a protective order. Siegel v. Crawford, supra. Consequently at this stage of the proceedings the dilemma which the appellant attempts to present is a fictitious one.

Appellant's reliance on Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897); Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909); Gross v. United States Fire Ins. Co., supra; and Restina v. Aetna Casualty & Surety Co., supra, is completely misplaced. Hovey condemned as violative of due process the summary striking of an answer and the entry of a default judgment for contempt without a hearing, and Hammond distinguished Hovey on the ground that the dismissal was imposed as punishment; whereas in Hammond the default judgment was upheld for failure to produce documents on the ground that failure to do so created a presumption of no merit to the defense. Both Gross and Restina in fact supported the appellee's position and upheld the right of the insurance company to insist upon the insured's appearance for examination in spite of his claim of constitutional immunity, and both cases held that the insured's refusal would bar recovery under the policy. Thus, the appellant fails to recognize the distinction between the obligation of the insured to

appear for the examination and its right to claim such constitutional immunity that might be available to it at the examination.[1]

 Finally, it is necessary to add that the absence of a showing of irreparable harm which cannot be adequately redressed by a monetary award, should the appellant ultimately prevail, is a further ground for denying injunctive relief. Thompson v. New York Central Railroad Co., 361 F.2d 137 (2d Cir. 1966); Robert W. Stark, Jr., Inc. v. New York Stock Exchange, Inc., 346 F.Supp. 217 (S.D.N.Y.), aff'd, 466 F.2d 743 (2d Cir. 1972); Supermarket Films, Inc. v. Sylvania Electric Products, 321 F.Supp. 855 (W.D.Pa.1971).

For the above reasons, we have no difficulty in concluding that the district court did not abuse its discretion in denying injunctive relief.

Affirmed.

---

1. Whether the insured can successfully assert its Fifth Amendment rights if it sues upon the policy, is another question which is not now before us. Kisting v. Westchester Fire Insurance Co., 290 F.Supp. 141 (W.D.Wis.1968), aff'd, 416 F.2d 967 (7th Cir. 1969); Levine v. Bornstein, 6 N.Y.2d 892, 190 N.Y.S.2d 702, 160 N.E.2d 921 (1959).