**WESTBROOK INSURANCE COMPANY,**

v.

**Geremia JETER, et al.**

**No. 3:98CV2443 (AHN).**

United States District Court, D. Connecticut.

April 26, 2000.

James M. Celentano, Hartford, CT, for plaintiff.

Edward M. Gillis, New Haven, CT, for defendant.

*RULING ON MOTION FOR SUMMARY JUDGMENT*

NEVAS, District Judge.

The plaintiff, Westbrook Insurance Company ("Westbrook"), brings this diversity action against the defendants, Gere-

mia Jeter ("Jeter"), Lorraine Green Hooks ("L.G.Hooks"), Lester Hooks ("L.Hooks"), Carolyn Camacho ("Camacho"), Bernard James ("James"), Lisa Franco ("Franco"), Rachel Rios ("Rios"), and Colonial Motors, Inc. ("Colonial Toyota"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201.

Now pending is Westbrook's Motion for Summary Judgment. For the reasons that follow, the motion [doc. # 40] is GRANTED in part and DENIED in part.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). After discovery, if the party against whom summary judgment is sought "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The substantive law governing the case identifies those facts that are material on a motion for summary judgment. *See Anderson*, 477 U.S. at 258, 106 S.Ct. 2505. A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact...." *Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v.* *Randolph Central School Dist.*, 963 F.2d 520, 523 (2d Cir.) (internal quotation marks and citation omitted).

In assessing the record to determine whether a genuine dispute as to a material fact exists, the court is required to resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991).

## FACTS

On October 1, 1998, Camacho commenced a negligence action against Jeter, L.G. Hooks, L. Hooks and Colonial Toyota in the Connecticut Superior Court. (*See* Westbrook's Local 9(c)(1) Statement of Material Facts [hereinafter "Pl.'s Stat."] ¶ 4.) The state court suit concerns a July 6, 1997, automobile accident in which Camacho was a rear-seat passenger in a 1997 Toyota Corolla that L.G. Hooks rented from Colonial Toyota. L. Hooks was the named operator on the rental agreement. Jeter was driving the car, allegedly with the Hooks' permission, at the time the accident occurred. (*See id.* ¶¶ 5, 6.) At the time of the accident, an automobile insurance policy (the "policy") issued to L.G. Hooks by Westbrook was in effect. (*See id.* ¶¶ 1–3.) Colonial Toyota is also a party in the state court action and it seeks indemnification from Jeter and L.G. Hooks. (*See id.* ¶ 12.)

The defendants, James, Camacho and Franco, have all put Westbrook on notice of their claims under the policy for personal injuries they sustained in the July 6, 1997 accident. (*See* Pl.'s Stat. ¶¶ 8–11.) Jeter, L. Hooks and L.G. Hooks, however, failed to provide Westbrook with notice of Camacho's state court action.

The policy Westbrook issued to L.G. Hooks provides, in pertinent part:

## PART E—DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

3. Submit, as often as we reasonably require:

b. To examination under oath and subscribe the same.

Westbrook contends that L. Hooks, L.G. Hooks and Jeter have breached their policy obligations by refusing to cooperate with its investigation of the accident and by failing to appear for an examination under oath. (*See* Pl.'s Stat. ¶¶ 13, 15, 16, 18.) Because of this, Westbrook advised them that they had forfeited coverage under the policy. Nonetheless, Westbrook has provided them with a defense in Camacho's state court action under a reservation of rights. In this action, Westbrook has obtained default judgments against L. Hooks, L.G. Hooks and Jeter declaring that their refusal to cooperate was a material breach of the policy.

### DISCUSSION

Now, based on the default judgments entered against L.G. Hooks, L. Hooks and Jeter, Westbrook seeks summary judgment declaring that, as a matter of law (1) there is no liability coverage under the policy for Jeter, L. Hooks and L.G. Hooks

with respect to the accident, (2) it has no duty to defend Jeter, L. Hooks or L.G. Hooks in the state court negligence action, (3) it has no duty to indemnify Jeter, L. Hooks or L.G. Hooks for any liability established in the state court negligence action, and (4) as a result, Camacho and Colonial Toyota [1] have no rights under the policy. Alternatively, Westbrook maintains that it is entitled to such a declaratory judgment because there are no material facts in dispute as to the insureds' failure to cooperate. Thus, it argues that it is entitled to summary judgment declaring there is no coverage under the policy either for the insureds or injured third parties whose rights are purely derivative.

The court finds that there is an insufficient factual basis as to the insureds' failure to cooperate to support summary judgment.[2]

### I. *Material Breach of the Insurance Policy*

Westbrook asserts that the insureds forfeited coverage under the policy by materially breaching the policy's cooperation provision.

"[A]bsent estoppel, waiver or other excuse, the substantial or material breach of the cooperation provisions of the insurance policy by an insured puts an end to an insurer's obligation under that policy." *Brown*, 206 Conn. at 675, 539 A.2d 138. The purpose of the cooperation clause "is to enable the insurer to obtain all knowledge and facts concerning the [claim] and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims." *Hudson Tire Mart, Inc. v. Aetna Cas. & Sur. Co.*, 518 F.2d 671, 674 (2d Cir.1975). Moreover, refusal to appear for an exami-

---

1. Pursuant to Local Rule 9(a), Westbrook's motion for summary judgment directed towards Colonial Toyota is granted because it has failed to object. *See* D.Conn.L.Civ.R. 9(a) (stating "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion....")

2. The court also finds that, based on the present record, it will not determine the legal issue of whether the default judgments entered against the insureds are binding on Camacho.

nation under oath constitutes a material breach of the contract of insurance. *See* Appleman, Insurance Law & Practice, Vol. 5A § 3549; Couch, Couch on Insurance, 2d. § 49A:361 at 759; *Hal Roach Studios v. Film Classics,* 156 F.2d 596, 599 (2d Cir.1946). However, whether an insured has breached the cooperation provision of an insurance policy is normally a question of fact to be determined by the trier of fact. *See Nelson v. Peerless Ins. Co.,* No. cv93–0345800–s, 1994 WL 592031 (Conn.Super.Ct. Oct.14, 1994).

■ In this case, while there is some evidence that the insureds may have failed to cooperate under the provisions of the policy, the present record is not sufficient for the court to properly find, as a matter of law, that the insureds breached their policy obligations. Therefore, Westbrook's motion for summary judgment is denied without prejudice to renewal on a more adequately developed record.

Specifically, in order for the court to make a finding that the insureds have failed to cooperate with Westbrook, the record should contain evidence that L. Hooks, L.G. Hooks and Jeter were properly served in this declaratory judgment action. Moreover, the record should contain evidence fully setting forth Westbrook's efforts to notice or subpoena L. Hooks, L.G. Hooks and Jeter for an examination under oath and the results of its efforts, including any attempt to compel their attendance. Finally, Westbrook should supply the court with the relevant excerpts of the examinations under oath of L. Hooks, L.G. Hooks and Jeter, if those examination are conducted.

II. *Failure to Give Notice*

■ Summary judgment is also not appropriate on Westbrook's contention that the insureds failed to comply with their policy obligation to give notice of the state court action. This is so because there is no evidence that Westbrook was prejudiced by any such noncompliance.

■ In *Aetna Cas. & Surety Co. v. Murphy,* 206 Conn. 409, 538 A.2d 219 (1988), the Connecticut Supreme Court held that an insured who gives late notice of a claim is not foreclosed from coverage under an insurance policy so long as it rebuts the presumption that the insurer was prejudiced by the delay. The court expressly imposed a burden on the insured to prove the "nonexistence of prejudice from delayed notice." *Id.* at 419, 538 A.2d 219.

Here, even if the insureds failed to comply with the policy's provisions regarding notice of claim and notice of suit, counsel for Westbrook conceded at oral argument that no prejudice resulted from such failure on the part of the insureds.

*CONCLUSION*

For the reasons stated above, Camacho's Motion for Summary Judgment [doc. # 40] is GRANTED in part and DENIED in part without prejudice to renewal. Specifically, it is granted as to Colonial Toyota, but denied as to Camacho.