[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The defendant has filed a motion for summary judgment pursuant to Practice Book § 17-44 et seq. claiming that the plaintiff has not fulfilled conditions precedent to filing a lawsuit under a fire insurance policy issued by the defendant to the plaintiff
On July 23, 2000, while in the course of moving to a new home the plaintiff arranged for certain possessions to be transported by trailer. While said contents were being transported, the trailer caught fire, damaging some of the plaintiff's possessions.
On August 16, 2000, the plaintiff submitted an inventory of the contents alleged to be lost in said fire. On August 21, 2000 the defendant's representative viewed the trailer and commenced an investigation of the plaintiff's loss. As a result of said investigation, the defendant's representative met with the plaintiff at the office of the plaintiff's attorney on December 13, 2000. The purpose of the meeting was to take a statement of the plaintiff regarding the contents claimed to be lost and the circumstances surrounding the loss. The examination of the plaintiff, in the presence of her lawyer, was taped. The recorded examination was subsequently transcribed, resulting in a document consisting of sixty-eight pages. A copy of the transcript has been submitted to the court for the court's review. The last page of the transcribed document includes a location where the plaintiff would sign the transcript representing the following: "I have read the above transcript of my tape-recorded statement. It is the truth." The date of this representation by the plaintiff was also to be inserted. The typewritten transcript was prepared by the defendant and was mailed to the plaintiff and her attorney for the purpose of obtaining the plaintiff's signature.
Subsequently, the defendant, on March 9, 2001 informed the plaintiff's attorney that the defendant was requiring the plaintiff and her husband CT Page 1542 to appear for an "examination under oath" on March 26, 2001, pursuant to a provision in the insurance policy which states:
 "We have a right to examine under oath as often as we may reasonably require, you, your family members and other members of your household and have them subscribe the same. We may also ask you to give us a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies."
In response to the defendant's request to hold this "examination under oath.," the plaintiff's attorney on March 16, 2001, notified the defendant in writing that the plaintiff was commencing legal action by way of a complaint dated March 16, 2001. The plaintiff, therefore, offered to appear for a deposition if the defendant chose to schedule a deposition. However, the plaintiff would not appear for the "examination under oath" on March 26, 2001, as requested by the defendant insurer.
Thereafter on or about April 9, 2001, the defendant notified plaintiff's counsel that the commencement of legal action against the defendant was deemed by the defendant to be a failure by the plaintiff to comply with an additional provision of the insurance policy which states as follows:
 "You agree not to bring legal action against us unless you have first complied with all conditions of the policy."
The defendant demanded that the plaintiff withdraw her legal action and comply with the conditions of the policy requiring her to submit to the "examination under oath" and to produce certain requested documents. The plaintiff refused to do so. The defendant, thereafter filed an answer to the plaintiff's complaint and has raised as a special defense, the failure of the plaintiff to submit to the "examination under oath" and to produce requested documents. The defendant requests summary judgment based upon this special defense.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, CT Page 1543 but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996).
The question of whether or not the plaintiff has substantially complied with the provisions of the insurance contract is a genuine issue of material fact. Where an insurer seeks to rely upon a lack of cooperation defense it must show that the lack of cooperation by the insured was substantial or material. O'Leary v. Lumberman's Casualty Co., 178 Conn. 32,38 (1979). There must be evidence that the insured's lack of cooperation adversely affected the insurance company's interest in some substantial or material way. Rochon v. Preferred Accident Insurance Co., 118 Conn. 190,198.
Connecticut courts have upheld insurance policy requirements that insureds submit to an "examination under oath." Harris v. Phoenix Ins.Co., 35 Conn. 310, 312-14 (1868); Cappello v. Aetna Life and CasualtyCo., No. CV 92-0510478 Superior Court, Judicial District of Hartford/New Britain at Hartford, (Aurigemma, J.) (April 12, 1993),1993 Ct. Sup. 3446;Wright v. State Farm Mutual Auto Ins., No. CV 96 0561270 Superior Court, Judicial District of Hartford/New Britain at Hartford, (Aurigemma, J.) (November 18, 1997), 1997 Ct. Sup. 11320; Bergen v. TheStandard Fire Insurance Co., No. CV 93 044099 Superior Court, Judicial District of Ansonia/Milford at Milford, (Corradino, J.) (December 31, 1997), 1997 Ct. Sup. 12883. However in circumstances where the insured has not submitted to examination under oath, indicating "good cause" or a reasonable explanation for the failure, recovery will not be barred.Bergen v. The Standard Fire Insurance Co., supra, citing Pogo HoldingCorporation v. N.Y. Property Insurance Underwriting Assoc.,440 N.Y.S.2d 174, 175 (1981); Home Insurance Co. v. Olmstead,355 So.2d 310, 313 (Miss. 1978); Appelman Insurance Law Practice, Vol. 5A, § 3549, pp. 549-550.
The plaintiff disputes the defendant's claim that she failed to submit to an examination under oath or that she failed to produce required documentation prior to commencing this legal action. The plaintiff claims CT Page 1544 that her recorded examination by the defendant's investigator resulting in a sixty-eight page transcript was substantial compliance. The plaintiff's attorney, who was present for this examination of the plaintiff by said investigator, has submitted an affidavit that the plaintiff and he were informed by the investigator that this examination and statement "was being taken in accordance with the terms of her [the plaintiff] insurance policy." The plaintiff has submitted an inventory, photographs and a Sworn Proof of Loss as documentation requested by the defendant. Copies of the inventory and Sworn Proof of Loss document were submitted for the court's review.
The plaintiff further claims that the provisions of the subject insurance policy required her to commence suit within one year of the loss, which occurred on July 23, 2000. Plaintiff argues that she should not be required to wait for the defendant to decide to schedule an "examination under oath," which would put the plaintiff in a position of risking a violation of the contractually imposed one year statute of limitations. The plaintiff waited approximately eight months from the date of the loss, prior to commencing legal action. The plaintiff has agreed to appear for sworn, deposition testimony, at which time the defendant can issue a subpoena for any documentation it requires.
"It is true that insurance companies can rightly claim that cooperation clauses requiring examination under oath are "material', and thus, that compliance with them are conditions precedent to any claim. That is so because the purpose of such clauses, "is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims." Bergen v. Standard Fire Insurance Co.,
supra at 12886, citing Hudson Tire Mart, Inc. v. Aetna Cas. Sur. Co.,518 F.2d 671, 674 (CA 2, 1975). However, to require more than substantial compliance with them is inappropriate. Id. citing C-Suzanne Beauty SalonLtd. v. General Insurance, 574 F.2d 106, 110. It is important to note that the request by the defendant for an "examination under oath" occurred nearly eight months after the plaintiff's loss and approximately four months before the one year policy statute of limitations expired. It can be argued that any delay in requesting the examination under oath was caused by the defendant itself. If the court were to adopt the defendant's reasoning regarding strict compliance with the policy, the defendant could request an examination under oath or further documentation from the plaintiff up to the last day of the one year statute of limitation for commencing suit.
The issues of whether or not the defendant was prompt in investigating the claim; whether the defendant was unfairly prejudiced by the plaintiff's refusal to withdraw her legal action and submit to an CT Page 1545 examination under oath; or whether the plaintiff by submitting to an examination by the defendant's investigator was in substantial compliance with the policy conditions, are genuine issues of material fact that should not be ruled upon as a matter of law. The defendant insurer is entitled to pursue its special defense at trial before the trier of fact, but the defendant is not entitled to summary judgment.
Accordingly the motion for summary judgment is denied.
By the Court,
By Arnold, J