[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case commenced by complaint dated March 16, 2001 alleging a fire loss in the amount of $14,872.95 under a policy of insurance issued by the defendant covering the personal property of the plaintiff.
The plaintiff, Dr. Kitzman (Kitzman), owner of the policy that covered her homes at 212 New Canaan Avenue in Norwalk and 37 Glendale Street, Hamden, Connecticut. The plaintiff submitted her claim during the time of coverage for losses she sustained as a result of a fire to a trailer on I-91, operated by her brother transporting her personal property from her address in Norwalk to her home in Hamden.
After the fire was under control the trailer was towed to Columbus Auto Works in New Haven with whatever personal property was raked up and placed back in the trailer for storage at Columbus.
Under the policy, Exhibit 1, issued by the defendant Kitzman submitted an inventory of the damaged property. (Exhibit 2)
The policy Exhibit 1 is captioned as a "Chubb Masterpiece" covering homes and contents, valuable articles such as furs and jewelry, and two automobiles. Pacific, the insurer, is a part of Chubb Group of Insurance Companies.
The defendant in this case has set forth two special defenses: the First Special Defense is failure by the plaintiff to appear and testify at an Examination Under Oath (EUO) and that her husband, Robert Sandine (Sandine) also failed to give an EUO.
At the time of the fire to the trailer on July 23, 2000, Kitzman and Sandine were living in separate houses and both moving to their new home in Hamden.
On August 7, 2000, Kitzman filed a content loss inventory. (Exhibit 2) CT Page 14674
The second special defense essentially asserts that the two inventories filed were misrepresentations of material facts relating to the loss rendering the policy void.
On December 13, 2000, the plaintiff Kitzman gave a statement to Charles McIntyre. In the statement Kitzman is warned and she agrees that the statement is being tape-recorded. Suit was commenced in this case by complaint dated March 16, 2001. The plaintiff owner of the policy had been insured for more than fifteen years by Chubb, parent to the defendant.
Kitzman at the time of the loss occupied the house in Norwalk and also insured the property in Hamden as sole owner. Sandine filed a loss claim with Nationwide Insurance because it was his trailer that was involved and they thought some of his property was missing as well. Nationwide Insurance covered the home of Sandine at 188 Livingston Street, New Haven. The claim against Nationwide was withdrawn. Kitzman testified they filed identical claims with Nationwide because they did not know what property was hers and what property was her husbands. (Trial Transcript, p. 19)
There was no intention on the part of Kitzman to get double damages or defeat her claim under her policy with the defendant. She did not deny the claim made to Nationwide or to Chubb to mislead either company. After finding what was in the house she revised her claims. At no time did Chubb request any information that she denied providing to it.
Kitzman underwent two examinations by Charles McIntyre which was all tape recorded. A copy of which was to be mailed to counsel and signed as the truth. (See Exhibit 8, p. 68)
Although the request for a recorded statement was made in August it was not until December that the statement was obtained.
Kitzman denied receiving any communication that an EUO was requested by Chubb or McIntyre. No evidence was produced making such request. Exhibit B states that a recorded statement would be taken. Attorney Donegan at no time even after suit notified Kitzman that the defendant wanted a statement under oath.
In McIntyre's testimony at trial he affirmed that the statement was in accordance with the policy. Also McIntyre acknowledged (Exhibit 8, p. 66) although he didn't ask her to swear that Kitzman made the recorded statement truthfully to the best of her knowledge and that he did not ask CT Page 14675 her to swear to it.
At the time of the statement (Exhibit 8) McIntyre did not have the last amended inventory. (Exhibit 4) At no time did the defendant direct Sandine to appear to give a statement. Sandine was not a claimant in this case and was not represented by counsel.
In Berger v. the Standard Fire Insurance Co. (1997) in an unpublished decision (Corradino, J) he stated:
 "It is true that insurance companies can rightly claim that cooperation clauses requiring examination under oath are `material' and thus that compliance with them are conditions precedent to any claim. That is so because the purpose of such clauses `is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims.' Hudson Tire Mart, Inc. v. Aetna Cas. Sur. Co., 518 F.2d 671, 674 (CA 2, 1975). But if this rationale is the purpose for regarding these cooperation clauses as material, it would be inappropriate to require something more than substantial compliance with their conditions. The Second Circuit seems to take that view, cf. C-Suzanne Beauty Salon. Ltd. v. General Insurance, 574 F.2d 106, 110 (CA 2, 1978), quoting an earlier New York Court of Appeals case which stated that: `A breach which will defeat a recovery cannot be based upon technical or unimportant omissions or defects in the performance of either party.'" Porter v. Traders Insurance Co., 58 N.E. 641, 642-643 (N.Y. 1900); also see Raymond v. Allstate Ins. Co., 464 CT Page 12887 N.Y.S.2d 155, 157 (1983).
In this case Kitzman was never asked to sign under oath the statement in Exhibit 8. Further it was recorded and acknowledged as truthful to the best of the plaintiffs knowledge and belief. Sandine was never personally contacted for a statement under oath now asserted as a defense by the defendant.
The plaintiff was misled by the investigator, McIntyre, in believing she was in fact complying with the terms of the policy as to the EUO. The signing of the statement is a mere technicality that was overlooked by the defendant. There is no proof that Kitzman refused to sign such a CT Page 14676 statement.
There is a majority of courts that have consistently held that failure to submit to questions under oath is a material breach of a policy's terms and a condition precedent to an insured's recovery under the policy.
This court does not conclude from all the evidence addressed at trial that Kitzman did not substantially meet her compliance with the language of the EUO clause of the policy.
The plaintiff provided whatever material sought by the defendant.
The court concludes that she did not in this case breach her contract for coverage.
The next issue is the value of the losses suffered by the plaintiff in this action.
On February 8, 2001, the plaintiff submitted her final proof of loss, sworn and subscribed to by Harold Donegan her attorney. (Exhibit 5) Attached to the sworn proof of loss is the inventory together with the costs ascribed to the missing items amounting to $13,985. Kitzman actually filed 4 inventories, Exhibits 4-5. Kitzman piled and packed boxes to be transported by her brother Mark. She knew what she packed in the boxes which were piled up. Brother loaded the trailer. Kitzman amended her claim when she learned the computer she originally claimed was discovered in her home in Hamden. Kitzman engaged the services of an attorney when she was told by Chubb there was going to be an investigation. The only items on the inventory belonging to Sandine were the canoe trailer and some pots and pans. Kitzman went back to where the trailer was stored and took photographs of what she removed, none of which was salvageable. Kitzman informed Kevin Sullivan of Chubb, the investigator, of what she removed.
A member of Columbus Auto Works, Walter Carroll testified he picked up all the debris after the fire but did not take any inventory of the items.
Robert Nattrass, an investigator for Nationwide did not find certain items in the burned trailer.
Many of the items lost in the fire were wedding gifts. Many of the items lost were copies of medical books on CD Roms. Kitzman also had ordinary audio CDs. The total of CDs were 100. The tapes were packed in CT Page 14677 boxes. Kitzman knew that the boxes were placed in the trailer and she presumed that they were lost in the fire when the boxes were unpacked. About one week before the start of trial in this case the plaintiff reviewed the contents of the trailer and took some items home which she photographed. She removed picture frames, a half of an antique mirror and an antique photograph. Kitzman testified she did not find anything at home in Hamden that was in the trailer and lost in the fire.
Kitzman immediately reported to Kevin Sullivan of the personal items she took, none of which were salvageable. Kitzman searched for all items and all the statements made in her statement (Exhibit 8).
Kitzman's visit to the trailer was to determine if it was still there and none of the items she pulled out were salvageable.
The defendant called Carroll at the time of the fire who testified that there was debris all over the ground which was pulled out of the trailer to put out the fire. Carroll claims he put everything back into the trailer to tow it to Columbus Auto Works. Carroll as a witness did not take any inventory of what he put back into the trailer. His description as to what was in the trailer after the fire is not persuasive. Carroll was not present before the fire was put out.
McIntyre conducted his investigation having been called in by Kevin Sullivan who became suspicious as a result of the duplicate claim filed with Nationwide. The plaintiff has already given the explanation for the duplicate claim because of her uncertainty as to which company would cover the loss. The claim with Nationwide was withdrawn and this court finds that there was no wilful attempt to collect twice as outlined by the defendant.
McIntyre testified he found a brass pole missing and a pen case for a Mont Blanc pen. McIntyre did not inspect the loss for more than one month after the fire. McIntyre used (Exhibit 2) to determine what items were on the inventory not found in the trailer. The inventory represents the items that are claimed to have been packed and lost in the fire. The items found are what was left after the fire and the trailer had been towed to where it was stored.
An appointment to set up an appointment for the statement of Sandine could not be accomplished. However there does not appear from the evidence that Sandine personally refused to give such a statement, nor did he testify at the time of trial.
McIntyre testified there was never a determination made to accept or CT Page 14678 reject the claim because Kitzman and Sandine did not give an EUO and the plaintiff brought suit. The provision not to bring suit in this policy should not be enforced under the circumstances of this case.
McIntyre knew that Nationwide had emptied and examined the trailer before his visit of August 28. McIntyre testified that Nationwide, although requested, would not provide any information to the defendant.
McIntyre acknowledged he never asked Kitzman to swear to the statement. (Exhibit 8)
The defendant claims and has briefed (Defendant's Post Trial Brief dated October 30, 2002) that no remains were found of 100 compact discs, 175 audiotapes, the computer carrying case and the Mont Blanc pen and pencil stated on the inventory which totals $3,700.
The defendant argues that a provision in the policy voids coverage for a material misrepresentation before or after the loss. The court finds that the defendant has failed to establish that Kitzman wilfully concealed or misrepresented any material fact so as to void coverage.
The argument made by the defendant seems to indicate that the court should void coverage because of the missing objects having a 27 percent value to total claim thereby voiding the claim. (Post Trial Brief of Defendant, p. 5.)
The plaintiff argues that when Kitzman did locate some of the items she reduced her claim. Kitzman testified (Transcript, p. 18) difficulty in moving two houses into one and the method adopted for moving was not one conducive for accounting for any lost items. Kitzman as she discovered more items, amended and modified her claims. The court does not conclude that there was an attempt to willfully exaggerate her claims. (See Exhibits 2-5)
Based upon the reasoning previously discussed, the plaintiff policy owner under all the circumstances complied substantially with meeting the requirements for coverage. Further the court finds that the amount of damages for the lost items arising under the fire is $10,172.95.
The court further finds that the claim made by the defendant that suit was instituted before the conditions of the policy were complied with is unavailing in this case.
Accordingly, judgment is entered in favor of the plaintiff for $10,172.95 plus interest at 8 percent and court costs. CT Page 14679
___________________ Frank S. Meadow, J.T.R. CT Page 14680