John B. SCHLOSSER, Plaintiff-Appellant,

v.

COMMONWEALTH EDISON COMPANY et al., Defendants-Appellees.

No. 12145.

United States Court of Appeals
Seventh Circuit.
Jan. 2, 1958.

Harry R. Booth, Chicago, Ill., for appellant.

William R. Ming, Jr., Charles A. Bane, Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff, a retired employee of defendant (defendant refers to the corporate defendant), commenced an action in the District Court for the recovery of money alleged to be due and owing under a service annuity plan in effect at and prior to the time of his retirement. It was alleged that plaintiff under said plan was entitled to monthly service annuity payments in the amount of $137.77, from the date of his retirement and during the remainder of his life. Later, plaintiff filed an additional count purporting to be a class action which sought an interpretation, modification and alteration of defendant's service annuity plan. Plaintiff demanded a trial by jury. Defendant answered the complaint and, among other things, requested its dismissal for failure to state a claim upon which relief could be granted. This action is at present pending in the District Court.

On May 20, 1957, after proper notice to defendant, plaintiff filed in the District Court his motion for a preliminary injunction. Attached thereto and made a part thereof were copies of the complaint and defendant's service annuity plan. The motion includes the allegation:

> "Plaintiff has instituted this proceeding for the purpose of compelling the defendants to pay him such additional compensation or Service Annuity as required by the third paragraph of Section 4 of said Service Annuity System which annuity the defendants have arbitrarily and unlawfully denied him."

The motion concludes:

> "Plaintiff has suffered and will continue to suffer great and irreparable damage unless this Court forthwith enters an interlocutory decree or decrees requiring the defendant to promptly pay him a Service Annuity of not less than $137.77 per month as prayed for in said Complaint.
>
> "Now, Therefore, plaintiff prays that this Court grant him an immediate hearing and enter a decree or decrees as prayed for herein."

Defendant filed its answer, in which it alleged, among other things, "The plaintiff does not set forth sufficient grounds to warrant issuance of a preliminary injunction." On August 9, 1957, Judge Win G. Knoch of the District Court entered a "Memorandum and Order" as follows:

> "This matter came on to be heard on plaintiff's motion for oral hearing and the taking of testimony in support of his motion for preliminary injunction.
>
> "The Court has had the benefit of argument of counsel on briefs, and is fully advised in the premises.
>
> "Scrutiny of all the pleadings, in the light of the arguments, fails to disclose allegations which, although viewed in the light most favorable to plaintiff, are sufficient to warrant issuance of a preliminary injunction.
>
> "It appears unnecessary to set this matter for oral hearing and the introduction of testimony in support

of the allegations which, if proved, set out no claim on which the relief sought could be granted.

"It is the order of this Court that motion for oral hearing be, and it is hereby, denied.

"It is further ordered that motion for preliminary injunction be, and it is hereby, denied."

From this order of August 9, plaintiff appealed to this Court, with particular emphasis on that part of the order which denied plaintiff the right to offer testimony in support of his motion. In connection with his appeal, plaintiff has filed in this Court a record of the proceedings in the District Court. No appendix or brief has been filed in support of the appeal.

Plaintiff, on October 14, 1957, filed in this Court in connection with his appeal a motion entitled "Motion for hearing and for preliminary injunction or for a writ of mandamus and for other relief." The motion purports to be filed under Title 28 U.S.C.A. § 1651, and Rule 62(g) of the Federal Rules of Civil Procedure, 28 U.S.C. The motion, so it states, is based upon three propositions, (1) the action of the District Court in denying without a hearing plaintiff's motion for a preliminary injunction; (2) the inability of plaintiff to secure a fair and full hearing before Judge Knoch, and (3) plaintiff's ability to demonstrate upon a hearing that he is suffering gross and irreparable injury, that defendant will suffer no injury and that plaintiff in all likelihood will be entitled to a judgment in his favor upon final hearing. The relief sought is (1) that the motion be set for argument, (2) that a date be set for hearing of oral testimony upon the motion for preliminary injunction, and (3) that an order be entered directing Judge Knoch to expunge his order of August 9, 1957, and to transfer the cause for reassignment to the Executive Committee of the District Court for hearing on plaintiff's motion for a preliminary injunction. After submission of briefs by the respective parties, the instant motion was set for hearing and argued orally before this Court. In the view we hold, we need not be concerned with our authority to grant the relief sought. This is so for the reason that the heart of the controversy engendered by the instant motion relates to the order of the District Court entered August 9, 1957, denying plaintiff's motion for a preliminary injunction, which is also the same order from which plaintiff has appealed. If that order was properly entered, all other issues fall by the wayside.

■■ Plaintiff's main grievance appears to be that the District Court erred in its refusal to hear testimony in support of his motion and in its failure to make findings of fact in conformity with Rule 52(a) of the Federal Rules of Civil Procedure. No cases need be cited for the proposition that ordinarily parties are entitled, on a motion for preliminary injunction, to offer testimony in support of their respective positions. This ordinary rule, however, is without application here because the Court (see its memorandum above quoted) concluded as a matter of law that plaintiff's allegations, even if proven, were insufficient to warrant the issuance of an injunction. With this conclusion we agree. The hearing of testimony in support of an insufficient allegation would be no more than an idle and useless ceremony. There is no rule and no case, so far as we are aware, which requires the hearing of testimony under such circumstances. While plaintiff alleges that failure to issue a preliminary injunction will result in irreparable damages to him, his motion and complaint demonstrate to the contrary. It is indeed a novel theory that in an action for the recovery of damages the right to which is controverted by defendant, a preliminary injunction should issue to require a defendant to make payments in advance of a determination of the case on its merits. Plaintiff attempts to escape this dilemma by arguing that defendant's service annuity plan contemplates payments to a retired employee during his lifetime, and that a failure to so pay constitutes irreparable damages because

the former employee might die before his rights were determined on the merits. The argument, if accepted, could be utilized in every action brought for the recovery of damages or a money award. We think it is without merit. Moreover, there is no showing that a preliminary injunction was necessary to preserve the status quo; in fact, its issuance would produce the opposite result.

This Court, in In re South State Street Bldg. Corporation, 140 F.2d 363, at page 366, sustained the action of the District Court in denying a request for a temporary injunction and in doing so made the following pertinent statement:

" * * * For aught that appears in the complaint, the relief that the appellant sought and claimed to be entitled to could have been granted on final hearings, without irreparable damage to her. The failure to allege facts constituting irreparable injury was of itself justification for denying the temporary injunction. [Citing cases.]

" * * * The denial of a motion for a temporary injunction, based upon a verified complaint alone, was certainly no abuse of discretion, where the complaint did not state a cause of action or any facts showing irreparable injury. [Citing cases.]"

Concluding as we do that the order of August 9, 1957, denying plaintiff's motion for preliminary injunction, was proper and that the Court did not err in refusing to hear testimony in its support, we see no reason to discuss other points argued by plaintiff. Even so, we perhaps should mention plaintiff's criticism directed at Judge Knoch. We think it is without merit. We are not aware of any authority possessed by this Court on the record before us to direct that the cause be transferred to the Executive Committee of the District Court for reassignment. Furthermore, if we had the authority, we would not do so under the circumstances shown.

The relief sought by the instant motion is denied. In view of what we have held, there appears to be no other question for decision in plaintiff's appeal from the order of August 9, 1957, denying plaintiff's motion for preliminary injunction. The order appealed from is, therefore, affirmed. Costs in connection with both the appeal and the instant motion will be taxed against plaintiff.