402 F.2d 789
 REDAC PROJECT 6426, INC., individually, and as a member of the firm of Redac Edgewater Limited Partnership and Redac Project 6427, Inc., individually and as a member of the firm of Redac Land Limited Partnership, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 231.
 No. 232.
 Docket 32907.
 Docket 32908.
 United States Court of Appeals Second Circuit.
 Argued November 6, 1968.
 Decided November 7, 1968.
 
 Dugald Campbell Brown, New York City (Whitman, Ransom & Coulson, New York City, on the brief), for plaintiffs-appellants.
 Bernard J. Nussbaum, Chicago, Ill. (Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., Aranow, Brodsky, Bohlinger, Einhorn & Dann, Robert J. Ward, New York City, on the brief), for defendant-appellee.
 Before WATERMAN and FEINBERG, Circuit Judges, and LEVET, District Judge.*
 FEINBERG, Circuit Judge:
 
 
 1
 This is an appeal from an order of Sylvester J. Ryan, J., of the United States District Court for the Southern District of New York denying a motion of plaintiffs for a preliminary injunction. Despite the complexity of some of the financial arrangements involved in the case and the extreme urgency with which we have been required to hear it, the issue before us is simple to state: Did Judge Ryan abuse his discretion in deciding the motion without taking oral testimony? For reasons given below, we conclude that he did not.
 
 
 2
 Plaintiffs are Redac Project 6426, Inc. and Redac Project 6427, Inc., individually and as respective members of the firms of Redac Edgewater Limited Partnership and Redac Land Limited Partnership; defendant is Allstate Insurance Company. Plaintiffs' suit was originally filed in the Supreme Court of New York, County of New York, on October 18, 1968, but was removed to the court below on Monday, October 21. On that day, the court continued an ex parte temporary restraining order which had been obtained in the state court, but plaintiffs were ordered to show cause why it should not be vacated. On October 30, a hearing on that question was held before Judge Inzer B. Wyatt. Concluding, inter alia, that plaintiffs' "chances of success in the action * * * are virtually nil," the judge vacated the order, but continued it in effect for a short time to permit plaintiffs to request further relief. Plaintiffs immediately moved for a preliminary injunction, which Judge Ryan heard on November 1, 1968. From the denial of that motion, plaintiffs appealed and sought from this court a stay pending the appeal. We expedited the appeal and continued the stay until twenty-four hours after disposition of the appeal.
 
 
 3
 According to the record before us, plaintiffs and Allstate entered into various agreements in April 1965, in connection with a real estate project in Edgewater, New Jersey, under which the parties were limited partners, with Allstate holding 95 per cent of the interest and plaintiffs five per cent. Under a subsequent "buy-sell" agreement, executed in August 1967, and apparently as part of a transaction under which Allstate invested further funds, plaintiffs received an option for a designated period to purchase Allstate's interest and thereafter Allstate had a similar reciprocal option. In connection therewith, under an escrow agreement executed the following month, deeds to real property were deposited with an escrow agent. At the time plaintiffs' option expired, and before Allstate could consummate its own option rights, plaintiffs commenced the litigation described above, claiming that the buy-sell and escrow agreements were the product of "duress" caused by defendant's breach of "fiduciary" obligations to plaintiffs. The complaint sought to permanently enjoin defendant "from acquiring or attempting to acquire record title" to certain parcels of real estate by exercising any rights under the buy-sell or escrow agreement.
 
 
 4
 At the hearing before Judge Ryan on plaintiffs' motion for a preliminary injunction, the papers already submitted included two affidavits of James F. Trautman, president of plaintiffs, as well as the transcript of the hearing before Judge Wyatt. After considering the record before him, Judge Ryan concluded in the exercise of his discretion to deny the preliminary relief sought. However, the judge expedited the trial of the case on the merits, fixing November 14 as the trial date. He also pointed out that any damages which might be suffered by plaintiffs pending final disposition were not irreparable because they could be monetarily measured and defendant had "ample assets" to respond. The judge further protected plaintiffs by ordering Allstate not to transfer the property in question, once it had been recorded in its name, to anyone without prior approval of the court after appropriate notice to plaintiffs.
 
 
 5
 On appeal from this obviously sensible handling of an alleged emergency situation, the only error urged to us is Judge Ryan's refusal to take the oral testimony of Mr. Trautman as to plaintiffs' alleged irreparable injury if preliminary injunctive relief were denied. However, there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it. See SEC v. Frank, 388 F.2d 486, 490-491 (2d Cir. 1968). In this case, Judge Ryan was obviously familiar with the transcript of the hearing before Judge Wyatt and with the affidavits already submitted, which contained the substance of the testimony to be offered. The judge was of the opinion, for reasons already referred to, that this did not establish irreparable injury. Moreover, defendant had made a powerful argument, reflected in the transcripts and papers, against further delay of its right to obtain title from the escrow agent, pointing out the dangers of adverse liens on the property, how long plaintiffs had waited to take legal action because of the alleged "duress," the sizeable investment defendant had made in the meantime, the 95 per cent interest defendant had in the properties, no matter what the outcome, and defendant's obvious self-interest in not injuring that. Under the circumstances, we will not hold that Judge Ryan abused his discretion in refusing to hear the proffered testimony. Like Judge Ryan, we express no view on the merits of plaintiffs' claims of duress or breach of fiduciary obligation.
 
 
 6
 Judgment affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Southern District of New York, sitting by designation