**Harold OLSON, Plaintiff,**

v.

**James T. MURPHY et al., Defendants.**

**Civ. A. No. 76–1101.**

United States District Court,
W. D. Pennsylvania.

Oct. 20, 1976.

382

Felix DeGuilio, Pittsburgh, Pa., for plaintiff.

Thomas H. M. Hough, Pittsburgh, Pa., for Civil Service Comm.

James H. McLean, Pittsburgh, Pa., for all remaining defendants.

## OPINION

MARSH, District Judge.

Following his conviction in state court on charges of indecent assault and corrupting children, the plaintiff was dismissed from his position as a police officer for the Borough of Homestead. In successive civil rights actions, the plaintiff has challenged his dismissal as being a violation of due process rights. As part of the present civil rights action, counsel for the plaintiff has filed a "Petition for Preliminary Injunction" seeking to attack the plaintiff's state court conviction on the ground that the victim of the alleged indecent assault has recanted her trial testimony. The petition will be denied.

In his complaint, plaintiff alleges that the individual defendants acted in concert to deprive him of continued employment as guaranteed by state law in 53 P.S. §§ 46190, 46191. These particular provisions were examined in detail by this court with respect to plaintiff's earlier civil rights action against the Borough of Homestead itself.[1] The court concluded, *inter alia*, that the plaintiff appeared to have received each of the required due process considerations, and the action against the borough was dismissed. Plaintiff's appeal of that decision is now pending.

The individual defendants have responded to the complaint in this action by filing motions to dismiss. Subsequently, on October 12, 1976, plaintiff filed his petition for a preliminary injunction. Attached to the petition is a photocopy of a statement purportedly written by one Pam Opsitos at the Homestead Police Station on September 30, 1976, at 1:20 a. m. The statement reads as follows:

"every thing that happened isn't true. I just said it because I thought my mother didn't like him, I think she wanted him introuble. so thats why I said it."

1. See *Harold Olson v. Borough of Homestead*, 417 F.Supp. 784 (D.C.Pa.1976).

Also attached is a photocopy of a note on Homestead Police stationery which explains that "Pam Opsitos was brought to this station as a runaway by Mary Lou Andrews, and Harold Olson her former step-father." On the basis of these statements, plaintiff requests an injunction ordering the defendants to reinstate the plaintiff to his former position on the police force.

The factors to be considered in evaluating a request for preliminary injunctive relief are: (1) whether the moving party has shown a reasonable probability of eventual success on the merits, and (2) whether the moving party has shown that he would suffer irreparable injury pendente lite if relief is not granted. The court must also take into consideration the public interest and the possibility of harm to other interested parties from the grant of an injunction. *A. O. Smith Corp. v. F. T. C.*, 530 F.2d 515, 525 (3rd Cir. 1976); *Oburn v. Shapp*, 521 F.2d 142, 147 (3rd Cir. 1975).

At this time, it cannot be said that it is likely that the plaintiff will prevail on the merits in the instant civil rights action, particularly in light of the court's findings in plaintiff's previous civil rights action which dealt with the very same dismissal proceedings. Plaintiff acknowledges in the petition that he was in fact convicted in state court of indecent assault. The applicable state statute provides:

"No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

.       .       .       .       .

(3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.

(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.   .   ."

53 P.S. § 46190.

The allegations raised in the petition do not increase plaintiff's likelihood of success on the merits since the alleged recantation on September 30, 1976, is basically not relevant to the issue raised by the plaintiff's civil rights action, i. e., whether the dismissal proceedings in 1975 denied the plaintiff his due process rights.

Addressing the question of possible irreparable harm, the plaintiff by way of affidavit has alleged that he has been unemployed since his dismissal from the police force and that he is forced to sustain himself on welfare benefits and food stamp program benefits. Plaintiff alleges that he is in danger of being evicted from his leasehold and losing his utility service, his automobile, and his credit standing. The text of the affidavit is a duplicate of the affidavit submitted by the plaintiff six months ago to support a previous motion for a preliminary injunction in an earlier civil rights action. In testimony taken on June 22, 1976, with respect to that previous motion, the plaintiff failed to allege or demonstrate any injury other than his loss of wages.

To support a preliminary injunction, the feared injury or harm must be irreparable in that it cannot be repaired. *A. O. Smith Corp., supra*, 530 F.2d at 525–526. Plaintiff's alleged injury could be compensated for through monetary damages at the conclusion of this action, and therefore the injuries are not of the peculiar nature required to sustain pendente lite relief.

Finally, plaintiff's allegation in the petition that no realistic state court procedures are readily available is without basis. Federal and state courts generally have held that recanting testimony is very unreliable. See *Lindsey v. United States*, 368 F.2d 633 (9th Cir. 1966); *Commonwealth v. Coleman*, 438 Pa. 373, 377, 264 A.2d 649, 651 (1970). However, in *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971), in an opinion by Justice Roberts, the Pennsylvania Supreme Court ordered a new trial after the appellant's daughter recanted her trial testimony which had been used to convict the appellant of incest, statutory rape and corrupting the morals of a minor. Precisely what weight is to be accorded to the alleged retraction by Olson's step-daughter is prop-

erly a question for the state trial judge who can view the recanting statement against the background of the trial evidence and his own observation of the prosecutrix on the witness stand at trial. Although highly unlikely, if the state trial court should clearly abuse its discretion in this regard, relief is available from the state appellate courts. See *Mosteller, supra*, 284 A.2d at 788; *Coleman, supra*, 264 A.2d at 651.

In light of the foregoing, the court concludes that even if all of plaintiff's allegations with respect to the retraction were to be proven, these allegations would be insufficient as a matter of law to warrant the issuance of an injunction. Therefore it appears that no purpose would be served by a hearing in this court on the petition for preliminary injunction. See *Redac Project 6426, Inc. v. Allstate Insurance Company*, 402 F.2d 789, 790–791 (2d Cir. 1968); *Schlosser v. Commonwealth Edison Company*, 250 F.2d 478, 480 (7th Cir. 1958).

An appropriate order will be entered.