**Concerned Citizens Taxpayers Association of Shamokin-Coal Township v. Shamokin-Coal Township Joint Sewer Authority**

*A. Stephen Cohen*, for plaintiffs.
*Richard Z. Freeman, Jr., Sanford S. Marateck,* and *Andrew A. Leavens*, for defendants.

RANCK, *J.*, February 7, 1979—Before us is an application for injunction pending appeal in Commonwealth Court filed pursuant to Rule 1732 of the Pennsylvania Rules of Appellate Procedure. In June 1977, plaintiffs filed a complaint in equity against the Shamokin-Coal Township Joint Sewer Authority and its individual officers and members, the mayor, city council and city clerk of the City of Shamokin, and the Coal Township commissioners. The major contentions of plaintiffs were that the sewer authority's acts since January 1975 were invalid due to the lack of a quorum, that the authority's service charges are excessive, that the authority's revision of the service charge to a flat rate was in violation of the service agreements entered into by the authority with the City of Shamokin and Township of Coal, and finally, that certain acts of the authority since 1975 were in violation of the Newspaper Advertising Act of July 9, 1976, P.L. 877, 45 Pa.C.S.A. §101 et seq., and the Open Meeting Law of July 19, 1974, P.L. 486, 65 P.S. §261 et seq. Defendants filed preliminary objections to plaintiff's complaint. On April 10, 1978, an order was entered by this court (Krehel, *J.*) sustaining defendant's preliminary objections. Plaintiffs have appealed that order to the Commonwealth Court.

Subsequent to the order of April 10, 1978, the authority has pursued the collection of delinquent sewer rental accounts. Judgments have been obtained against a number of sewer users and sheriff's sales to satisfy these judgments are close at hand. Pending the disposition of the appeal in Commonwealth Court, plaintiffs have requested, inter alia, that the authority be enjoined from taking any further action to collect such delinquent accounts.

## DISCUSSION

Plaintiffs have requested an injunction pursuant to Rule 1732 of the Pennsylvania Rules of Appellate Procedure. Rule 1732(a) provides that: "Application for . . . an order . . . granting an injunction during the pendency of an appeal . . . must ordinarily be made in the first instance to the lower court . . . ."

The conditions which must exist before injunctive relief may be granted are clearly established. As stated by the Pennsylvania Supreme Court in Berman v. Philadelphia, 425 Pa. 13, 17, 228 A. 2d 189, 191 (1967): "[A]n injunction will only issue when the rights of the plaintiff are clear, there is an urgent necessity to avoid injury which cannot be compensated for by damages, and greater injury will be done by refusing it than by granting it." See also American Federation of State, County and Municipal Employees v. Shapp, 443 Pa. 527, 532, 280 A. 2d 375, 376 (1971).

Plaintiffs have submitted no evidence to this court of any *immediate* and *irreparable harm* which they will suffer if the injunction is not granted. If the request for injunctive relief is denied, the authority will undoubtedly continue to

pursue its legal remedies in recovering the delinquent fees. The most serious injury plaintiffs might suffer would be the entry of judgments against them and execution on these judgments. The likely consequence in the majority of cases would simply be the payment of the delinquent accounts. Neither of these results would constitute irreparable harm. Courts have repeatedly held that there can be no irreparable injury sufficient to warrant the issuance of an injunction where the plaintiff has an adequate remedy at law. See Rush v. Airport Commercial Properties, Inc., 28 Pa. Commonwealth Ct. 51, 367 A. 2d 370 (1976); Penn Galvanizing Co. v. City of Philadelphia, 388 Pa. 370, 130 A. 2d 511 (1957). Such an adequate remedy at law exists when the threatened injury can be adequately compensated through monetary damages: Supermarket Films, Inc. v. Sylvania Elec. Products, Inc., 321 F.Supp. 855 (W.D. Pa. 1971); Olson v. Murphy, 423 F.Supp. 381 (W.D. Pa. 1976). In the present action, if the injunction is not granted and plaintiffs are ultimately successful in having the sewer rates invalidated, they will be entitled to recover the amount of excess charges they have paid. Interest would be included in such an award. Plaintiffs, therefore, have an adequate remedy at law and are not in danger of irreparable harm.

Plaintiffs have also failed to establish that they will suffer greater injury if injunctive relief is denied than defendants would suffer if such relief is granted. We have already mentioned the injuries which plaintiffs would suffer in the absence of an injunction, and although we appreciate the burden of taxes and sewer rentals borne by property owners, plaintiffs' injuries appear minimal when compared to the injury likely to be borne by defendants if the relief is given. Testimony before us revealed

that as of December 18, 1978, 1,471 of 8,371 accounts of the authority were in arrears. The sum total of this arrearage has reached $197,591.16. If such a state of affairs were to continue, severe financial problems would ensue for the authority. The sewer authority is dependent upon the collection of adequate revenues to maintain and operate its facilities and to pay the principal and interest on its bonds. To enjoin the authority's collection efforts would impede the authority's ability to provide adequate sewage treatment services to the public and could ultimately result in a bond default. The severe hardship to the authority and the public which would result from an injunction outweighs the inconvenience to plaintiffs of paying their sewer bills pending their appeal, and in any event as we have already pointed out, plaintiffs have an adequate remedy if they are successful in their appeal.

Before an injunction may be granted, plaintiffs must also demonstrate the likelihood of their eventual success on the merits of the dispute. In view of their failure to meet the other requirements for injunctive relief, we see little need to deal with this issue. A myriad of grievances are listed in plaintiffs' complaint and to predict their possibility of success on each one would be a superfluous undertaking at this time. We note, however, that plaintiffs' major point of concern appears to be the authority's use of a flat rate basis to assess sewer use charges. Courts of this Commonwealth have consistently recognized that such a practice is proper under the Municipality Authorities Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §301 et seq. See Patton-Ferguson Joint Authority v. Hawbaker, 14 Pa. Commonwealth Ct. 402, 322 A. 2d 783 (1974);

Hickory Township v. Brockway, 201 Pa. Superior Ct. 260, 192 A. 2d 231 (1963); Uhl v. Borough of Coopersburg, 36 Lehigh 288 (1975).

Plaintiffs having failed to establish the conditions which must exist before injunctive relief may be granted, we enter the following

## DECREE

And now, February 7, 1979, plaintiffs' request for an injunction pursuant to Pennsylvania Rule of Appellate Procedure 1732 is hereby denied. Costs of this proceeding are to be paid by plaintiffs.