Stephanie ROBINSON–PITTS, Plaintiff,

v.

BOARD OF EDUCATION OF the CITY
OF NEW YORK, et al., Defendants.

No. 82 Civ. 1407.

United States District Court,
E. D. New York.

Aug. 6, 1982.

James Pitts, Brooklyn, N. Y., for plaintiff.

Susan Shapiro, Corp. Counsel, Barbara Butler, New York State Law Dept., J. Christopher Meagher, United Federation of Teachers, New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff, Stephanie Robinson-Pitts, filed this action on May 25, 1982, challenging her termination as Director of the Reach Out Drug Counseling Program for New York City Community School District # 19.[1] The plaintiff was hired as Director of the Program on July 7, 1981, and was terminated on May 10, 1982. The complaint alleges that her termination was the result of race and sex discrimination in violation of 42 U.S.C. §§ 1981 and 1983. The plaintiff names as defendants the Board of Education of the City of New York and its President, the President and Superintendent of Community School District # 19, the United Federation of Teachers and its Director, and the State of New York Division of Substance Abuse Services and its Director.

The plaintiff has moved for a preliminary injunction, and the defendants have cross-moved to dismiss the complaint. This memorandum and order is concerned solely with the plaintiff's motion for preliminary relief. The defendants' motions will be determined at a later date. For the reasons that follow, the motion for a preliminary injunction is denied.

*Discussion*

The plaintiff has moved, by way of order to show cause, for a preliminary injunction granting the following relief: (1) ordering the defendants to restore the plaintiff to her former position with full seniority, vacation pay and salary, and with appropriate seniority, vacation and salary increments; (2) requiring the defendants to withdraw their opposition (if any) to the plaintiff's

---

1. Although the action was filed *pro se*, the plaintiff is now represented by her husband, an attorney appearing *pro hac vice*.

claim for unemployment insurance benefits due her during her period of involuntary unemployment; and (3) enjoining the defendants from disseminating any information concerning the plaintiff "other than information based solely on the quality of her work product and performance as can be verified in her employment file."

The law in this Circuit is that the plaintiff is entitled to a preliminary injunction only upon showing (a) that she would otherwise suffer irreparable injury, and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation *and* a balance of hardships tipping decidedly in her favor. *Doe v. New York University*, 666 F.2d 761, 773 (2d Cir. 1981). *Accord, Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *Caulfield v. Board of Education*, 583 F.2d 605 (2d Cir. 1978). Thus, under either standard, irreparable harm is a prerequisite to injunctive relief. *See Triebwasser & Katz v. American Tel. & Tel. Co.*, 535 F.2d 1356 (2d Cir. 1976); *WGBH Educational Foundation, Inc. v. Penthouse International, Ltd.*, 453 F.Supp. 1347 (S.D.N.Y.1978), *aff'd*, 598 F.2d 610 (2d Cir. 1979). In order to establish irreparable harm, a plaintiff must demonstrate that even if it prevails in obtaining a permanent injunction, "its interim damages cannot be calculated with sufficient accuracy to make damages an adequate substitute." *Ives Laboratories, Inc. v. Darby Drug Co., Inc.*, 601 F.2d 631, 644 (2d Cir. 1979).

After thoroughly reviewing the plaintiff's complaint, affidavits, and other supporting materials, this Court concludes that she has failed to demonstrate such irreparable harm.

In the course of these proceedings, the plaintiff has submitted three affidavits. The first affidavit, dated May 20, 1982, accompanied the plaintiff's order to show cause. This affidavit fails to allege any irreparable harm. The plaintiff's second affidavit, dated June 22, 1982, alleges irreparable harm solely in ¶ 18. In this paragraph, the plaintiff alleges that if she is not reinstated she will face unemployment, damage to her professional reputation, and reduced opportunities for future employment. In the plaintiff's third affidavit, dated July 5, 1982, the plaintiff offers no new allegations of irreparable harm, but merely suggests that the Court "see the court reporters' memo for statements on irreparable harm." ¶ 14.[2]

Since ¶ 18 of the second affidavit contains the only specific allegations of irreparable injury, it is upon these allegations that the question must be determined.[3]

Under established principles of equity, "mere loss of employment and attendant loss of reputation and flow of current income may not entitle a claimant to reinstatement by means of a preliminary injunction." *Oshiver v. Court of Common Pleas*, 469 F.Supp. 645, 653 (E.D.Pa.1979). In *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1973), the Supreme Court observed:

"It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury.

\* \* \* \* \* \*

Assuming for the purpose of discussion that respondent had made a satisfactory showing of loss of income and had supported the claim that her reputation would be damaged as a result of the challenged agency action, we think this

**2.** The plaintiff apparently is referring to the minutes of the oral argument held on the motion on June 22, 1982. Clearly, any unsupported statements made by the plaintiff's attorney during oral argument may not be considered by the Court.

**3.** Since the defendant has not disputed any of these allegations, an evidentiary hearing on the question of irreparable harm was not necessary. *See Doe v. New York University*, 666

F.2d 761, 765 (2d Cir. 1981) (hearing should be held when affidavits evince disputed issues of fact); *Redac Project 6426, Inc. v. Allstate Insurance Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it.").

showing falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." *Id.* at 91–92, 94 S.Ct. at 953.[4]

As these authorities indicate, the plaintiff in the instant case has failed to adequately demonstrate that she will suffer irreparable harm in the absence of the issuance of the injunction. As the court observed in *Moore v. Kibbee*, 381 F.Supp. 834, 837 (E.D.N.Y. 1974):

> "If plaintiff ultimately prevails herein, there is no question but that [s]he will not only be rehired, but also that [s]he will be fully recompensed for whatever pay [s]he may have lost in the interim, and awarded whatever other damages [s]he may establish and be entitled to under law. Whatever injury [s]he may sustain would therefore appear not to be 'irreparable' as that term is generally understood in this type of action."

*See also Faro v. New York University*, 502 F.2d 1229 (2d Cir. 1974). Regarding the claim of damages to reputation, since the plaintiff has already been discharged, any damage to her reputation that will not be remedied by reinstatement has already taken place.

The plaintiff having failed to satisfy the requirements for a preliminary injunction, the motion is denied.[5] Should the plaintiff's complaint survive the defendants' motions to dismiss, the case will be set down for an early trial date.

SO ORDERED.

---

**4.** Although the Supreme Court in *Sampson* noted that "cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect upon the employee, may so far depart from the normal situation that irreparable injury might be found," *id.* at 92 n. 68, 94 S.Ct. at 953 n. 68, the plaintiff in the instant case has pleaded no facts that would justify such a finding.

**5.** Even if this Court had concluded that irreparable harm was shown, it would still have denied the motion because the plaintiff's affidavits fail to demonstrate a likelihood of success on the merits. It is clear that in order to prevail under both §§ 1981 and 1983, the plaintiff must demonstrate *intentional* discrimination. *See Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Guardians Association of the N.Y.C. Police Dept. v. Civil Service Commission*, 633 F.2d 232 (2d Cir. 1980); *cert. granted*, —— U.S. ——, 102 S.Ct. 997, 71 L.Ed.2d 291 (1982). The plaintiff's affidavits do nothing more than make bald and conclusory allegations regarding the motives behind her dismissal. Rather than substantiate the plaintiff's claim of intentional discrimination, these affidavits are in large part merely a condemnation of the staff and management practices of the Reach Out Drug Program. Any references to discriminatory practices are phrased in the broadest possible terms. While this Court does not now decide whether these allegations are sufficient to withstand the defendants' motion to dismiss, it finds that they are insufficient to demonstrate a likelihood of success on the merits. Likewise, they are insufficient to raise "sufficiently serious questions going to the merits to make them fair ground for litigation." *Doe v. New York University*, 666 F.2d 761, 773 (2d Cir. 1981).