ENERCONS VIRGINIA, INC., Appellee,

v.

AMERICAN SECURITY BANK,
N.A., Appellant.

No. 83–1766.

United States Court of Appeals,
District of Columbia Circuit.

July 21, 1983.

Before WALD, MIKVA and GINSBURG,
Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of appellant's Motion for Stay Pending Appeal, and the response and reply thereto, it is

ORDERED by the Court that the motion is granted. It is

FURTHER ORDERED that the Temporary Restraining Order issued by the district court is hereby vacated by this court on its own motion and the case is remanded to the district court for proceedings consistent with the attached opinion. The Clerk is directed to issue a certified copy of this order to the district court.

PER CURIAM.

Appellant American Security Bank moves for a stay pending appeal of a temporary restraining order issued by the district court enjoining American Security from refusing to honor a cashier's check drawn by the bank and payable to the order of the appellee, Enercons Virginia, Inc., in the amount of $1 million. After issuance, the check had been endorsed by Enercons to the order of a Swiss bank and delivered to that bank. Sometime thereafter, the check was presented to American Security by Mr. Gino A.G. Bianchini, the Chairman of the Board, President and sole shareholder of Enercons. The endorsement to the Swiss bank had not been cancelled and the check was not further endorsed. Mr. Bianchini stated only that the check had been returned to him by some unknown person outside of normal banking channels. Further inquiry by American Security revealed that at the time the check was presented to the Swiss bank, the Swiss bank was under an attachment order attaching any and all assets of Bianchini or Enercons in the possession of that bank for the benefit of three Italian banks. Mr. Bianchini then purported to cancel the prior endorsement to the Swiss bank and endorsed the check in blank on behalf of Enercons. Believing that Mr. Bianchini had obtained possession of the check unlawfully and in violation of the Swiss attachment, American Security refused to honor the check. Enercons filed a complaint for damages in district court.

On the strength of an ex parte motion for a TRO by Enercons and a hearing for which American Security had two hours notice, the district court enjoined American Security from refusing to honor the check. The court apparently rejected American Security's offer to post a bond or other appropriate security pending adjudication of Enercon's claims to the check. The court fur-

ther rejected American Security's request that Enercons be required to give security for such costs and damages as might be incurred by American Security if it were found to have been wrongfully enjoined.

It is evident that the district court misconceived the nature and purpose of a temporary restraining order. By ordering American Security to pay the disputed check, the district court did not simply preserve the status quo, but instead summarily resolved all conflicting claims to the check immediately after commencement of the action on short notice to the defendant. At this preliminary stage, no final adjudication was possible. We agree with American Security that this case is no more than a straightforward action on a negotiable instrument and that appellee has an adequate remedy at law. We can say it no better than Judge Learned Hand did sixty years ago:

> As to the money, how is it possible to sue in equity? The acts charged constitute, on the plaintiff's theory, a conversion, nothing more. Under the guise of a mandatory injunction I do not see how I can give final relief in advance of answer and trial in such a case. It is, of course, true that equity will at times affirmatively restore the status quo ante pending the suit. But never, so far as I know, will it take jurisdiction over a legal claim merely to hurry it along by granting final relief at the outset of the cause. The acts of the defendants may indeed be totally without justification—on that I express no opinion—but there is no reason why the plaintiffs should enjoy remedies not open to others who have suffered similar wrongs. I cannot suppose that it would anywhere be seriously contended that upon a conversion of money the victim might file a bill in equity and get final relief by mandatory injunction.

*Sims v. Stuart,* 291 F. 707, 707–08 (S.D.N.Y. 1922) (citations omitted); *accord In re Arthur Treacher's Franchisee Litigation,* 689 F.2d 1137, 1144–45 (3d Cir.1982); *Schlosser v. Commonwealth Edison Company,* 250 F.2d 478, 480–81 (7th Cir.1958), *cert. denied,*

357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958).

The temporary restraining order issued by the district court is hereby vacated and the case is remanded to the district court for proceedings consistent with this opinion.