**Albert BRYAN, Plaintiff,**

v.

**CHEMICAL BANK, Defendant.**

**No. 85 Civ. 7047 (EW).**

United States District Court,
S.D. New York.

Oct. 1, 1985.

Charles E. Morrison, New York City, for plaintiff.

John B. Wynne, New York City, for defendant.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Albert Bryan, filed this action on September 6, 1985, challenging his termination as Tax Manager of the Asset Based and Personal Lending Division of Chemical Bank. The complaint alleges that his termination was the result of race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621. Plaintiff moves for a preliminary injunction reinstating him and restraining defendant from disseminating any information concerning his discharge.

Plaintiff was discharged over 16 months ago, on May 2, 1984, allegedly for gross negligence. Alleging that he was a victim of race discrimination, plaintiff availed himself of the provisions of a consent decree entered into by Chemical Bank and its black employees,[1] and appealed his termination to the Bank's ombudsman. On November 21, 1984, the ombudsman concluded: "The decision to terminate Complainant's employment was not, in my opinion, based on his race, but rather on the Bank's legitimate interest in protecting its assets."[2] Plaintiff then appealed the ombudsman's decision to an independent special master, whose position, like that of ombudsman, was created under the terms of the consent decree. The parties engaged in discovery from December 1984 through the spring of 1985. From late June to early August 1985, seven days of testimony were taken before the special master and 75 exhibits were introduced into evidence. The special master scheduled an eighth day of hearings for September 4, 1985, but plaintiff failed to appear. Instead, plaintiff commenced this action charging both race and age discrimination.

■ To obtain the requested preliminary injunctive relief, plaintiff must demonstrate: (1) the threat of irreparable harm in the absence of an injunction, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious grounds for litigation and a balance of hardships that tips decidedly in his favor.[3] "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be

rendered."[4] The Court finds that plaintiff has failed to meet his burden.

After eight months of litigation before the special master, sixteen months after being terminated, and on the eve of a decision by the special master,[5] plaintiff now claims he will be irreparably harmed if he is not reinstated immediately. Plaintiff, who voluntarily availed himself of the consent decree procedures and who has been represented by the same counsel throughout those proceedings, will not be heard to challenge a proceeding commenced by him that is now *sub judice* before the special master on the asserted claim of lack of jurisdiction and to obtain the drastic remedy of injunction. This sudden shift by plaintiff, on the eve of a decision, does not meet the first prong of the requirements for injunctive relief—irreparable injury. Upon oral argument, it was acknowledged that plaintiff chose to ignore the advice of his employment counselors and not seek employment outside his area of specialization for some time after his termination.

■ With respect to plaintiff's request for an injunction barring dissemination of information harmful to his reputation, plaintiff has offered no evidence supporting his contention that Chemical Bank has made the reasons for his termination known. In fact, the evidence before the Court not only indicates that it is the Bank's official policy not to release such information, but that the Bank has not received any inquiries regarding plaintiff from prospective employers.[6]

■ Not only has plaintiff failed to make the "strong showing of irreparable injury" required when mandatory injunctive relief

1. *Plummer v. Chemical Bank,* 80 Civ. 7364 (WCC).

2. Kenneth J. Kelly Aff., Exh. A. The Court agrees with plaintiff that the statement in Mr. Kelly's affidavit that the Bank's ombudsman, Claude Weir, is black is irrelevant. The race of the ombudsman has no bearing whatsoever on the validity of his decisions or on his ability to perform his tasks.

3. *See, e.g., Buckingham Corp. v. Karp,* 762 F.2d 257 (2d Cir.1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70 (2d Cir.1979).

4. *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 275 (2d Cir.1985).

5. The parties have informed the Court that a decision by the special master is expected within two weeks.

6. Janice L. Won Aff., paras. 3–4.

is sought,[7] but he has not demonstrated why monetary damages will not adequately compensate him for any harm he suffers in the time it takes to reach a final determination on the merits.[8] If plaintiff should prevail on the merits of his claims, damages are available to "make [him] whole for injuries suffered on account of unlawful employment discrimination." [9]

Accordingly, plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.

---

**7.** *Doe v. New York University,* 666 F.2d 761, 773 (2d Cir.1981).

**8.** *See Jackson Dairy,* 596 F.2d at 72; *Robinson-Pitts v. Board of Educ.,* 544 F.Supp. 187, 188–89 (S.D.N.Y.1982); *see also Sampson v. Murray,*

415 U.S. 61, 92 n. 68, 94 S.Ct. 937, 953 n. 68, 39 L.Ed.2d 166 (1974); *Stewart v. United States I.N.S.,* 762 F.2d 193, 199 (2d Cir.1985).

**9.** *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975).