**ELECTRONIC DATA SYSTEMS FEDERAL CORPORATION, Plaintiff,**

v.

**GENERAL SERVICES ADMINISTRATION, et al., Defendants.**

**Civ. A. No. 86–0353.**

United States District Court, District of Columbia.

Feb. 19, 1986.

---

Donald C. Holmes, Joseph West, Junius McElveen, Jones, Day, Reavis & Pogue, Washington, D.C., for plaintiff.

John D. Bates, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

This case raises several challenges to the General Services Administration's ("GSA") role under the Brooks Act, 40 U.S.C. § 759, in overseeing certain contracts awarded by the Government Printing Office ("GPO"). Plaintiff Electronic Data Systems (EDS) was awarded GPO's contract for Army printing. Disappointed offerors Xerox, Volt and AT & T sought review of the award before the General Services Administration Board of Contract Appeals ("GSBCA"). EDS' motion to dismiss the GSBCA proceedings for lack of jurisdiction was denied on February 4, 1986. The GSBCA found preliminarily that (1) GPO is subject to the Brooks Act, (2) GSBCA has jurisdiction over a contract award challenge, even though the contract was not conducted under the direct or delegated procurement authority of GSA, and (3) the Office of Management & Budget's ("OMB") jurisdiction to resolve inter-agency disputes under the Brooks Act does not divest the GSBCA of jurisdiction to determine whether a particular contract is for automatic data processing equipment ("ADPE") and hence within the Brooks Act. The GSBCA then suspended performance of the Army printing contract, pending its final hearing on the merits. On February 3, 1986, EDS wrote to OMB, requesting a determination as to whether the contract in issue was for ADPE. OMB has stated that it will render a decision no later than March 4th.

EDS seeks declaratory and injunctive relief, claiming that the GSBCA's exercise of

jurisdiction over GPO and its suspension of this contract under the Brooks Act are unlawful. EDS' original application for a temporary restraining order was denied without prejudice on February 7, 1986, and Xerox, Volt and AT & T were given leave to intervene as defendants. GPO was granted leave to enter as amicus. The case is presently before the Court on plaintiff's renewed application for a temporary restraining order, GPO's motion to intervene as plaintiff, and the Army's motion to intervene as defendant.[1] Upon consideration of the supporting and opposing memoranda, and lengthy oral argument of counsel, and after a thorough review of the record in this matter, the Court concludes that a temporary restraining order should issue, and that the motions to intervene under Rule 24(a) should be denied.

*Temporary Restraining Order*

To determine whether a temporary restraining order should issue in this case, the Court must consider (1) the plaintiff's likelihood of prevailing on the merits, (2) whether plaintiff will suffer irreparable injury absent preliminary relief, (3) the possible harm to other interested parties if injunctive relief is granted, and (4) wherein lies the public interest. *Virginia Petroleum Jobbers Assoc. v. F.P.C.*, 259 F.2d 921, 925 (D.C.Cir.1958). In the context of the limited purpose of a temporary restraining order, the Court's analysis of these factors seeks principally to ensure preservation of the status quo. *See generally Enercons Virginia, Inc. v. American Security Bank*, 720 F.2d 28, 29 (D.C.Cir.1983) (temporary injunctive relief beyond preservation of status quo improper at preliminary stage).

The facts relevant to this inquiry have been amplified by the recent affidavits filed by the defendant GSA, and by further argument of counsel. Pursuant to the GSBCA's order, GPO has suspended all printing of Army materials. The ensuing backlog of work which is accruing daily will place a heavy financial burden on GPO once GSBCA's stay is lifted.[2] Further, GPO is required to devote considerable time and manpower to respond to the present administrative proceedings. While litigation expenses incurred by parties are not generally viewed as "irreparable injury," *see generally FTC v. Standard Oil of California*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980), in light of the imminent decision by the OMB which may resolve the challenge to the GSBCA proceedings, the litigation burden imposed upon GPO appears unduly onerous. In addition, GSA—the original named defendant—has conceded that the injuries borne by GPO warrant some type of temporary injunctive relief. The remaining defendants have articulated as harm only monetary losses which would not be due specifically to any temporary delay in the Board proceedings.

Plaintiff has accordingly met its burden of showing that a restraining order is needed to maintain the status quo. The merits of plaintiff's claims remain to be developed, but they do not appear to the Court to be without basis. Thus, given the balance of the equities in this case, the irreparable injury to the petitioner and amicus, and the fact that a pending OMB procedure may resolve the parties' concerns about the propriety of the GSBCA proceedings in 14 days, the Court concludes that temporary

---

1. Defendant GSA's Motion to Transfer is presently under advisement; the Court's ruling will be issued shortly.

2. Although the stay imposed by the GSBCA can be partially lifted upon a showing that a particular printing need presents " 'urgent and compelling circumstances' significantly affecting the interests of the United States," this piecemeal relief would not adequately mitigate the harm to GPO at this juncture. The printing requirements are ongoing, and after careful consideration, the Court feels that it would work substantial harm to GPO to require it to apply to GSBCA for periodic releases, when GSBCA's authority to exercise jurisdiction over the contract is contested. Although plaintiff's challenge to GSBCA's authority does not alone compel relief from the Board's ruling, the ruling from OMB may resolve the challenge. In order to prevent OMB's ruling from being a nullity, and to permit this threshhold dispute to be resolved without unnecessary litigation, the GSBCA proceeding should be stayed to give OMB a chance to rule.

&#x20;

relief is warranted. Therefore, the limitation on GPO and EDS which precludes them from satisfying any of the Army's printing requirements is temporarily lifted for 10 days from the date of this order, or until OMB rules on the EDS inquiry, whichever occurs first and the GSBCA proceeding is temporarily stayed for 10 days or until OMB rules, whichever first occurs.

*Motions to Intervene*

■ Both GPO and the Army have moved to intervene as of right under Fed. R.Civ.P. 24(a)(2) based upon their interests in the printing contract at issue, claiming that existing representation does not adequately represent their particular interests. Although no party's views and interests mirror any other's in this action, both the Government and the private parties are well-represented before the Court. GPO presently is an amicus, and its views were thoroughly aired at oral argument. GPO has not demonstrated how the present combination of representation by EDS' counsel and by its own counsel, as *amicus,* is inadequate.

Similarly, the Army has not demonstrated that the lack of precise parallel among their interests and those represented by the existing defendants rises to "inadequate" representation. Any shortfalls in presentation of the Army's interests can be cured by permitting the Army to enter as *amicus.*

Thus, the Court concludes that GPO's motion to intervene should be denied, and that the Army should be permitted to file an appearance as amicus.